## THE CITY OF FORT WORTH v. T. R. HOWARD.

### No. 498.

**1. Damages Caused by Grading Street — Liability of City.** — The owner of land abutting upon a street is entitled to damages for any permanent injury done the land by a material change of the street grade, whether from the natural or previously established grade, where such damages exceed the benefits derived from the grading.

**2. Same—Measure of Damages.**—The measure of damages in such case is the difference in the market value of the property immediately before and immediately after the change of grade.

**3. Same—Rule of Avoidable Consequences.**—The rule of avoidable consequences does not require of an owner whose property has been damaged that he shall, at considerable expense, so change the property as that it may, by being thus adapted to new uses, be rendered more valuable.

Appeal from Tarrant.   Tried below before Hon. N. A. Stedman.

*T. J. Powell* and *Capps & Canty*, for appellant.—1.   The court erred in refusing to instruct the jury, that they should consider in defendant's favor any benefit to plaintiff's property (not in common with the community generally) inducted by the improvements and excavations made by the defendant in the street and adjacent to the plaintiff's said property.   Railway v. Fuller, 63 Texas, 472; Railway v. Pearce, 75 Texas, 281; City of Elgin v. Eaton, 25 Am. Rep., 412.

2.   The court erred in refusing to charge the jury, substantially, that if after the excavations and grades made and established by the city, plaintiff, by reducing his property to such grade of the streets, could have avoided any injury to the same, but by so doing have greatly enhanced its value; and if the cost of reducing such property to the grade of the streets was less in amount than the enhanced value of the same as compared with its former condition, then they should find for the defendant.

3.   A municipal corporation is not liable for damages resulting from reducing the natural surface of a street in the course of its normal and ordinary improvements for street purposes proper to a grade line for the first time established.   Dill. on Mun. Corp., sec. 995a, 990, note 1; Elgin v. Eaton, 25 Am. Rep., 412; Railway v. Eddins, 60 Texas, 656; 1 Sedg. on Dam., 7 ed., 212; Railway v. Fuller, 63 Texas, 472.

*J. L. Hill, R. L. Carlock,* and *H. M. Chapman,* for appellee.—1.   The special charge asked by appellant sets up a proposition that is not the true measure of damages.   Railway v. Eddins, 60 Texas, 656; Railway v. Fuller, 63 Texas, 467; Railway v. Schofield, 72 Texas, 499.

2.   It is not the province of a wrongdoer to say to what use a person shall put his property; and it is only when the property can be put in the "same condition" as before, and at slight expense, that the measure of damages is the cost of putting it in that condition.   The measure of damages for a permanent injury to land is the difference in its market value immediately before and immediately after the injury.   Railway v. Wallace, 74 Texas, 584; Railway v. Hogsett, 67 Texas, 687; Railway v. Fuller, 63 Texas, 467; Railway v. Schofield, 72 Texas, 499.

3.   No person's property can be taken, damaged, destroyed, or applied to public use without adequate compensation being made, unless by the consent of such person.   Const., art. 1, sec. 17; Railway v. Eddins, 60 Texas, 656; Railway v. Fuller, 63 Texas, 467; Railway v. Crabtree, 2 Willson's C. C., sec. 579; Moore v. Atlanta, 70 Ga., 611; Rigney v. Chicago, 102 Ill., 64; Chicago v. Taylor, 125 U. S., 161; McElray v. Kansas City, 21 Fed. Rep., 257; Schalle v. Omaha, 17 Neb., 548; New Brightonboro v. Piersol, 107 Pa. St., 280; Hutchinson v. Parkersburg, 25 W. Va., 226.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee as the owner of five lots of land, having a frontage of 125 feet on Bluff Street in the city of Fort Worth, to recover of appellant the damages resulting to him as such owner from cutting down said street to a depth of from about 17 to 21 feet. To cover the diminution in value of said lots thus caused, the jury awarded appellee the sum of $4500. This verdict is sustained by a preponderance of the evidence in establishing the truth of the material allegations of the petition, and in ascertaining the amount of the loss. There were two or three dwelling houses on the lots, and the property had been used and occupied by appellee ten or twelve years, when, in the year 1888, the excavation was undertaken; Bluff Street being during that time a public street of the city of Fort Worth, about on a level with his lots, and commonly used by him and others in connection with the occupancy of the lots. It seems that the grade of this street had never before been established, and appellant defended upon the ground that the excavations were made in improving the street, and placing the same upon a reasonable and proper grade. The proof showed, that the depth of the cut was such as to deprive appellee of the use of the street and to render his property inaccessible, except by a rear entrance, or by a private way across the property of another, and as a consequence, that it was greatly diminished in value.

Since the addition of the word "damaged" in constitutions providing compensation to the owner of private property taken for public use, as is the case in our Constitution, adopted in 1876, the current holding is, that the owner of land abutting upon streets and highways is entitled to damages for any permanent injury inflicted upon such abutting lands by any material change of grade, whether from the natural or previously established grade, where such damages exceed the benefits derived from the grading or other improvement. Lewis on Em. Dom., sec. 223. See, also, the late case of Brown v. Seattle, 18 L. R. A., 161, a case quite similar to this, where the authorities are collated and reviewed. The correct rule, we think, is there stated in this language: "If no street practicable for the public use can be made without making cuts or fills which will damage abutting land so as to reduce its value below that which it possessed before the street was begun, none should be undertaken at all, unless abutting owners waive damages, or until public necessity shall justify paying the cost of a lower or higher grade." The rule rests upon the broad principle of equity, now embodied in the Constitution itself, that the public should make good the loss to the individual where private property is damaged for the public benefit. The defense interposed was therefore untenable. Railway v. Hall, 78 Texas, 169; Railway v. Eddins, 60 Texas, 656.

The measure of damages submitted in the court's charge was the difference between the market value of the property immediately before and

immediately after Bluff Street was excavated. In opposition to this rule, or as a modification of it, appellant requested the court to charge the jury, that "in determining as to whether or not plaintiff's property was injured, * * * not to consider the property in its condition after the excavations were made by defendant; but if plaintiff could have reduced his loss or injury by excavating his lots, and placing them upon a proper and reasonable grade with the said Bluff and Main Streets, and if his lots, when so placed upon said grade, would then be as valuable as, or more valuable than they were before the excavations were made by defendant, then the plaintiff can not recover, unless costs and expenses of placing his said lots upon a proper grade with the street would exceed the increased value of his said property by reason of the improvements made by the city." We do not understand that the rule of avoidable consequences, requiring the person injured to diminish the loss as far as possible, has ever received any such application.

While the cost of *restoring* land to its former condition may be the proper measure of damages, when it is less than the diminution of the market value of the whole property by reason of the injury, the person causing the damage can not require the owner, at considerable expense, to so *change* his property as that it may, by being adapted to new uses, be rendered more valuable. Railway v. Wallace, 74 Texas, 584, 585; Hartshorn v. Chaddock, 17 L. R. A., 426, and notes; Railway v. Schofield, 72 Texas, 496.

The contention of appellant seems to be, that by grading down the lots the improved street conditions would render them more valuable as business lots than they had previously been as residence lots. We are of opinion, that such a rule for measuring damages would deprive the owner of a valuable property right, and that the requested instructions were not applicable to the facts of this case, but that the court's charge submitted the correct measure. Lewis on Em. Dom., sec. 494. If the charge refused, of which complaint is made by the second assignment of error, was not sufficiently covered by the main charge, it was so blended with requested instructions which could not properly be given as to excuse the court from giving it.

As these conclusions dispose of all the errors assigned, the judgment will be affirmed.

*Affirmed.*

Delivered June 21, 1893.