## Gulf, Colorado & Santa Fe Railway Company
### F. W. Allbright.
#### No. 525.

1. **Evidence in Case of Contributory Negligence.**—Where, in a suit by a street car conductor for damages for injuries caused by a collision between the car on which he was and a freight train, facts come out in the development of the transaction on which plaintiff relies for recovery, which prima facie show contributory negligence, testimony covering the same ground and showing the whole occurrence, by the defendant, is admissible, whether contributory negligence be pleaded or not.

2. **Charge—Reversible Omission.**—Where there was evidence showing that plaintiff approached the track with due care, and also testimony showing that he was guilty of contributory negligence, a charge omitting any reference to the rule prohibiting his recovery, if himself guilty of negligence, was erroneous.

3. **Charge—Positive Error.**—The failure to include, in the statement of the facts necessary to a recovery, the absence of contributory negligence, is positive error, and not merely an omission that could be supplied by a request for a special charge.

4. **Contributory Negligence—Failure to Obey Rules.**—Plaintiff's failure to comply with a rule of the street car company requiring an approach to a track with due care, would not in itself be contributory negligence, unless shown to be in violation of the rule of law requiring from him such care as a prudent man would ordinarily exercise.

APPEAL from Harris. Tried below before Hon. JOHN G. TODD, County Judge.

*Charles K. Lee* and *J. W. Terry*, for appellants.—Under the facts of this case, to entitle the plaintiff to recover, it was not only necessary for the defendant to have been guilty of negligence, but the plaintiff himself should have been free from contributory negligence.  While under the decisions of this State it is not necessary that the plaintiff should introduce affirmative evidence to show that he was not guilty of contributory negligence, it is necessary that he should show the facts surrounding and leading to the accident, and if under his case as so developed the evidence raises a suspicion of contributory negligence, the burden is on him to clear off such suspicion, and he is only entitled to recover on a finding of the jury to that effect.  Murray v. Railway, 73 Texas, 3; Railway v. Porter, 73 Texas, 304; Railway v. Foreman, 73 Texas, 311; Railway v. Crowder, 63 Texas, 502; Railway v. Riordan, 22 S. W. Rep., 519; Pierce on Rys., pp. 299-382.

*G. W. Tharp*, for appellee.—1.  Allbright was not guilty of contributory negligence because he failed to observe rule 30 of the Houston City Street Railway Company; whether or not failure to observe this rule constituted contributory negligence was a question for the jury. Garteisar v. Railway, 21 S. W. Rep., 631.

2.  When the court has omitted to state all the law applicable to the case in its general charge, a party not satisfied with the charge should ask a special charge; failing to do this he can not urge the defect for the first time on appeal. · Endick v. Endick, 61 Texas, 559; Pridham v. Weddington, 74 Texas, 353.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee, the conductor upon an electric street car in Houston, brought this suit to recover for injuries sustained by him in a collision between the car of which he was in charge and a train belonging to defendant, at a crossing of the two roads, upon the charge, that such collision was caused by the fault of the defendant's servants operating its train.

The prominent questions made by the evidence on the trial were:

First.  Whether or not defendant's servants were negligent in failing to ring the bell, or to have a red light upon the end of the car, or in running too fast, or in failing to keep a watchman stationed at the crossing, and whether or not such negligence alone caused the accident.

Second.  Whether or not plaintiff and the motorman of the car alone caused the collision, by approaching the crossing at too rapid a rate of speed, and failing to keep a proper lookout.

Third.  Whether or not the negligence of both parties contributed to the injury.

Upon the first and second questions the evidence was conflicting, there being testimony tending to establish both the affirmative and negative of each.  There was also a conflict as to some of the facts affecting the

last question; but it is contended by appellant that, taking the view of the testimony bearing upon it most favorable to appellee, the facts which are left uncontradicted show, at least, that he was guilty of contributory negligence. In the view which we take of the cause it is unnecessary to decide this.

The facts raising the question of contributory negligence all come out in the development of the transaction, on which the plaintiff relied for a recovery. To entitle him to recover, it was necessary for him to develop that transaction and show his relation to and connection with it. It was also the right of defendant by cross-examination of plaintiff's witnesses, and by introduction of its own witnesses, to cover the same ground, and show the whole of the occurrence put in issue by the action. If, when thus fully developed, the plaintiff's connection with the collision was such as presented the question whether or not he was guilty of negligence, which helped to cause it, the defendant was entitled to have a decision of it, whether pleaded or not. Murray v. Railway, 73 Texas, 3; Railway v. Crowder, 63 Texas, 502; Railway v. Riordan, 27 S. W. Rep., 519.

The testimony admissible under the rule undoubtedly made the question of plaintiff's negligence an important one in the case. If it be admitted that there was evidence which, taken by itself, was sufficient to authorize a finding that plaintiff acted with due care in allowing his car to approach the defendant's track as it did, it can not be denied that there was other testimony which, if accepted, would have established negligence on his part.

In this state of the case, the charge omitted any reference to the rule which would preclude plaintiff from recovering if he was himself in fault, and instructed, in substance, that if it were shown that defendant was guilty of negligence in failing to ring the bell, or to have a signal light on the car, or to keep a watchman at the crossing, or in running too fast, then plaintiff would be entitled to recover. If all of the facts thus supposed were established, plaintiff would still not be entitled to recover, if the evidence properly admitted should show that he was guilty of contributory negligence. And if, in the development of the facts out of which his cause of action must appear, contributory negligence was prima facie shown, then the burden rested on the plaintiff to clear himself before he could recover.

The charge, therefore, when applied to the facts of the case, required the establishment of fewer facts as essential to a recovery than were requisite under the law. That a charge having this effect is erroneous has several times been held. Baker v. Ash, 80 Texas, 361; Railway v. Robinson, 73 Texas, 284.

The only question here is, whether the failure to include, in the facts essential to recovery, absence of contributory negligence, is to be treated as an omission which should be supplied by a request for a

special charge, or as a positive error. If contributory negligence came into the case as a separate and distinct defense, not involved in the investigation of the very transaction on which plaintiff relied, and therefore to be alleged and proved affirmatively by defendant, it may be that an omission to charge on it would not be reversible error, if no special instruction were requested. But here, the burden being on plaintiff to show a cause of action arising out of the occurrence under investigation, and the suggesting of contributory negligence appearing as a part of the facts of such occurrence, it was, we think, misleading, and therefore erroneous, to separate the acts of the defendant from those of the plaintiff, and thus permit a recovery upon a partial view of the facts, when a consideration of the whole might have led to a different result. A charge which misleads a jury is always erroneous; and we think it apparent that the charge of the court must have led the jury to believe that the plaintiff, though the evidence should show him equally in fault, could recover, if the defendant had omitted to do the things supposed, and if such omission constituted negligence and caused the injury.

The charge given at the request of the defendant did not cover the whole question of contributory negligence, but only instructed as to the effect of a failure of plaintiff to observe the rule of his company in approaching the crossing. Whether a failure to observe that rule, or rather to take the precautions enjoined by it, constituted negligence on the plaintiff's part, as between him and the defendant, was a question of fact for the jury. The rule which applies between plaintiff and defendant is that which the law has established, viz., that (outside of statutory requirements) each must have exercised the care which persons of ordinary prudence would have taken under the circumstances. If the rule which the plaintiff's employes had established for the protection of its passengers, its servants, and itself, exacted more than the rule of law would have required, while the plaintiff by reason of his relation may have owed his master the duty of obedience of the rule, that would not change the standard of diligence as between himself and third parties. If the care required by the rule was what a prudent person, engaged as was plaintiff, would employ, then plaintiff was bound to the exercise of it, not because of the rule of his employer, but because of the law.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 19, 1894.