SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY
v. HORACE M. WAY.

No. 507.

1. **Railway Company—Negligence—Street Car Crossing.**—It is not necessary, to constitute a cause of action, that the acts relied on as negligence should be per se negligent; and it can not be held, as matter of law, that the failure of a railway engineer to ring the bell or sound the whistle in approaching a street car crossing is not negligence, even though the statute should be held not applicable to such crossings.

2. **Same—Rules of Street Car Company.**—Plaintiff, a motorman operating a street car, was injured by a rapidly moving railway engine, while crossing the railway track. A rule of the street car company required its motormen to stop before crossing a

railway track, etc. *Held,* that such rule did not change the standard of diligence as between the railway company and third parties; and the issue was, whether the motorman used such reasonable care as a prudent person, situated as he was, would have used under the circumstances.

APPEAL from Bexar.   Tried below before Hon. G. H. NOONAN.

*Thomas H. Franklin,* for appellant.—1.   There is no allegation in the petition that appellant was guilty of any negligence other than that the persons operating the engine which collided with appellee's car failed to ring the bell, sound the whistle, and stop before crossing the street car track on which appellee was operating his car.   The statutes do not require the bell of railroad engines to be rung, whistle sounded, nor engine stopped before crossing a street car track, and a failure to do these things is not negligence per se.   2 Sayles' Civ. Stats., art. 4232; Railway v. Jacobs, 12 L. R. A., 830; Elliott on Roads and Streets, 557–561; Thompson & Co. v. Simon, 10 L. R. A., 251; Railway v. McDonald, 86 Texas, 9.
2.   The evidence having disclosed the fact that it was a rule of the street car company for which plaintiff was working, that in approaching the railroad crossing where plaintiff claims to have been injured, he must bring the street car to a full stop, and send the conductor ahead to ascertain whether any train was approaching on defendant's track before crossing same with said street car; and it further appearing from the evidence, that plaintiff had violated this rule at the time of the collision, the court should have instructed the jury as requested by defendant, that if said violation contributed to any injuries he may have received, that they should find for the defendant, although they should believe that defendant's employes were guilty of negligence contributing to said injury.   Railway v. Wallace, 76 Texas, 636; Pilkenton v. Railway, 70 Texas, 226; Railway v. Bracken, 59 Texas, 73; Railway v. Dean, 76 Texas, 73; Hoover v. Railway, 61 Texas, 504; Railway v. Houston, 95 U. S. 702.

*Wright & Summerlin,* for appellee.—1.   The court did not err in overruling appellant's general and special demurrers or exceptions. Railway v. Murphy, 46 Texas, 356; Railway v. Foreman, 73 Texas, 311.
2.   The court did not err in refusing to give to the jury the special charge requested by appellant.   The special charge refused by the court instructed the jury that appellant could, without warning the traveling public at a highway crossing, run its trains at any rate of speed in total disregard of the rights of the citizens.   Acts of 1883, p. 28; Const., art. 10, sec. 7; Railway v. Murphy, 46 Texas, 356; Railway v. Boozer, 70 Texas, 530; Railway v. Crosnoe, 72 Texas, 79; 2 Wood's Ry. Law, sec. 323.

NEILL, ASSOCIATE JUSTICE.—The appellee, who was plaintiff below, alleged in his petition against appellant, "that on or about the 24th

day of June, 1893, he was an expert and experienced motorman, running a car on the Alamo Electric Line, a street railway running in the said city of San Antonio, from Travis Park, on Navarro street, through various streets and crossings, to Riverside Park, or the Fair Grounds belonging to the San Antonio International Fair Association. That said street railway crosses said defendant company's track near said Riverside Park, or Fair Grounds. That on or about the 24th day of June, 1893, plaintiff was a motorman on said electric car, and in discharge of his duty as a motorman on said electric car, was running said car to said Riverside Park, or Fair Grounds, and when he arrived at the San Antonio & Aransas Pass Railway Company's track, he prudently and cautiously stopped his car and looked and listened for any train that might be running on said defendant company's track. That the engineer running said train blew no whistle, nor did he ring the bell or stop his engine, as he should have done at said crossing, and plaintiff, having nothing to warn him of any danger, proceeded, as was his duty, to cross said track, when a fast passenger train, running at the rate of twenty-five miles an hour, going southeast, struck him and said car and knocked him off said car, nearly tearing his right arm off his body, and fracturing and breaking his elbow joint, and seriously injuring his back; breaking, bruising, and injuring his right knee, and knocking him senseless for some considerable time. That in consequence of these injuries plaintiff was confined to his bed for more than thirty days, under the advice and close attention of a physician; and that he has suffered and endured great pain, both physically and mentally, and he now constantly suffers from said wounds and injuries to such an extent as to greatly impair his ability to earn a support."

The petition further states, that where said railroad tracks cross, the said defendant company made a curve in its track, and had excavated ten feet deep through a hill or elevation, so as to obstruct any one on said street railway from seeing an approaching train.

The petition further states, that the said defendant company, its officers, agents, and servants, in not ringing the bell or blowing the whistle, or stopping said engine and train before crossing said street railway track, inflicted said injuries as above stated upon this plaintiff by gross negligence, and without any fault or negligence on the part of plaintiff.

To this petition the defendant interposed a general demurrer and a special exception in the following language, viz: "That said petition is insufficient in law, in this, that the acts of negligence complained of by plaintiff, on the part of defendant, are not stated sufficiently satisfactory, and are general and uncertain in their character." After which it denied all the allegations in the petition, and specially pleaded contributory negligence on the part of plaintiff. The cause was tried before a jury, and verdict returned and judgment rendered in plaintiff's favor for $2300.

*Conclusions of Fact.*—On the 24th day of June, 1893, the appellee was running a car on an electric street railway, in the city of San Antonio; the street railway on which he was operating the car crossed appellant's railroad at a point where the railroad ran through a cut which obscured the view of its engines and cars from one near said point operating a car on the street railway. As the appellant approached the crossing he stopped his car and looked and listened, and not hearing the sound of bell or whistle, ran his car onto the railroad track, and just as the front platform of the car upon which appellee was standing reached the track, it was struck by one of appellant's engines, which was running at a speed of about twenty-five miles an hour, and the appellee thereby thrown from the platform and seriously and permanently injured, to his damage in the sum of $2300.

That the appellant's servant operating the engine negligently failed to ring the bell and sound the whistle, or to do either, in approaching said crossing, and that such negligence was the proximate cause of the collision and of appellee's injury. The appellee in approaching said crossing exercised such care and caution as an ordinarily prudent person would under like circumstances, and was guilty of no negligence contributing proximately to his injury.

*Conclusions of Law.*—The first assignment of error complains of the court's overruling the defendant's demurrer and special exception to the plaintiff's petition. Under this assignment it is contended, that there is no allegation of negligence other than defendant's failure to ring the ball and sound the whistle of the engine before crossing the street car track on which appellee was operating his car, and that, as the statute does not require the bell of a railroad engine to be rung or its whistle sounded before crossing a street car track, the failure to do so is not negligence per se. As to whether article 4232, Revised Statutes, as amended by the Act of March 21, 1883, is applicable to a street railway crossing such as was pleaded in this case, we need not, in passing on this assignment, determine. It is not, however, necessary, in order to constitute a cause of action, that the acts relied upon as negligence should be per se negligent. In the majority of cases where negligence is relied on as a ground for recovery, the acts complained of are not negligence per se, and it is left for the jury to determine, from all the facts and circumstances surrounding the transaction, whether the matters averred constitute negligence. It can not be held, as a matter of law, that the failure of the engineer operating appellant's engine to ring the bell and sound the whistle when approaching the crossing where the collision occurred, was not negligence. It was at least a question of fact for the determination of the jury. Therefore there was no error in the court's overruling the demurrer and exception to the petition. This also disposes of appellant's third assignment of error, which complains of the court's refusal to give a special charge, to the effect, that as the statutes of this State did not require

the engineer to ring the bell, sound the whistle, or stop the engine before reaching the point of collision, the failure to do so was not statutory negligence, and the failure of the engineer to do so would not give plaintiff the right to recover for a failure to perform a statutory duty by defendant.

The court charged the jury as follows:

"3. If you believe from the evidence that the train of defendant collided with an electric car upon which plaintiff was employed as a motorman, you will then inquire particularly into the facts of this case in order to ascertain in what manner said collision took place.

"4. It was the duty of the plaintiff, upon approaching the railroad track of defendant with the street car then operated by him, to use reasonable care and caution to ascertain whether any train was approaching said crossing of defendant's railway track, and to use reasonable care and caution to avoid a collision with any trains of defendant.

"5. If you believe from the evidence that the plaintiff used such care and caution, and that the plaintiff was injured as alleged in his petition, and that said injury resulted from the negligence of the defendant railway company, its servants, or employes, you will find a verdict for the plaintiff against said defendant company, and assess his damages at such an amount as you may believe he has sustained by reason of such injuries.

"6 If, however, although you may believe from the evidence that said plaintiff was injured by said collision, yet said injury was caused by his own negligence, or that he proximately contributed to said collision, then the defendant company would not be liable for such injury, and you will find for defendant."

At the instance of the appellant, the court gave the following special charges:

"1. It is not required by the statutes of this State that persons operating a railway train shall either ring the bell or blow the whistle in approaching a point where a street railway track crosses the railway track, over and upon which said locomotive and train is being operated.

"2. It is not required by the statutes of this State that persons operating a railway train shall bring said train to a stop before crossing a street car track crossing over the railway track upon which said train is being operated.

"3. That it was the duty of the plaintiff in this case, upon approaching the railroad track of defendant with the street car then operated by him, to use reasonable care and caution to ascertain whether any train was approaching said crossing of defendant's railway track, and to use reasonable care and caution to avoid a collision with any trains of defendant operated on its said railway track; and if you further believe from the evidence that plaintiff failed to use such care and caution, and was guilty of negligence in failing so to do, and that such negligence proximately contributed to any injuries he may

have received, then you will find for defendant, although you may believe that the employes of defendant operating said train which is alleged to have collided with the street car operated by plaintiff were also guilty of negligence proximately contributing to such injuries as the plaintiff may have received; and in this connection you are charged, that 'reasonable care and caution' means such care and caution as an ordinarily prudent person would exercise under like circumstances and condition.

"4. Although you should believe from the evidence that the collision in which plaintiff in this case was injured resulted from the negligence of the defendant railway company, its servants, or employes, yet if plaintiff, by his own negligence, proximately contributed to said collision and any injuries he may have received therefrom, defendant company would not be liable for any damages for such injuries, and plaintiff would not be entitled to recover herein.

"5. The burden of proof is on the plaintiff to establish by a preponderance of the evidence that he was injured by the negligence of the employes of defendant company, and that he did not by his own negligence proximately contribute to such injuries."

The fifth paragraph of the court's general charge is assigned as error, upon the ground that it authorizes the jury to find for the plaintiff if they believe defendant negligently struck the street car of plaintiff and injured him, regardless of whether such negligence of defendant was alleged in plaintiff's petition, or made an issue by the pleadings. The only acts of negligence upon which there was any evidence at all were those alleged in the petition, and as the jury had no evidence of any other acts of negligence to consider, they could not have been led by the charge to base their verdict on any acts of negligence than those averred.

The failure of the court to give the following special charges asked by appellant is also complained of as error:

"If you believe from the evidence that it was the rule of the street car company for which plaintiff was working when injured, that in approaching the railroad crossing where plaintiff claims to have been injured, to bring the street car to a full stop and send the conductor ahead to ascertain whether any train was approaching on defendant's track before crossing same with said street car, and that plaintiff, on the occasion when he claims to have been injured, violated said rule, and that in so doing he proximately contributed to any injuries he claims to have received, then you will find for defendant, although you should believe that defendant's employes were guilty of negligence contributing to said injuries."

"If you believe from the evidence that the rules of the street car company for which plaintiff was working at the time he claims to have been injured in a collision with one of defendant's trains required that its motormen and conductors should bring the street car operated by them to a full stop before crossing a railway track, and

that the conductor should then go forward and ascertain whether or not there was any locomotive or train approaching said crossing on the railway track, and that said street car should not be started across said track until such conductor should flag the motorman so to do; and if you further believe from the evidence that the plaintiff in this case did not bring his car to a full stop before attempting to cross defendant's railway track at the time he claims he was injured, and did not send forward his conductor to ascertain whether or not any train was approaching on said track, and flag him when to cross said track, and if you further believe that the failure of plaintiff so to do was negligence under all the circumstances then surrounding him, and that such negligence caused or contributed to the collision and whatever injuries he may have received, then you will find for defendant, although you should believe from the evidence that the defendant company, its servants, or employes, did not sound the whistle or ring the bell on their train before reaching the point where the collision occurred, and did not stop the railroad train before crossing said street car track at said point of collision, and also believe, that in failing to do the above things, or any of them, defendant or its said employes were guilty of negligence."

It would have been error for the court to have given the first of these charges, because it would, in effect, make appellee's failure to observe a rule of his employer negligence per se. Such rule did not change the standard of diligence between appellant and third parties. If the care required by the rule was what a prudent person engaged as was plaintiff would employ, then plaintiff was bound to exercise it, not because of the rule of his employes, but because of the law. Railway v. Allbright, 26 S. W. Rep., 250. The third special charge, herein before copied, given at the request of appellant, fully informed the jury as to appellee's duty in approaching the railroad track, and of the consequence of his failure to discharge such duty; and the jury must have found from the evidence, in view of that charge, that the appellee, in approaching the crossing, exercised such "care and caution as an ordinarily prudent person would exercise under like circumstances and conditions," and the court was not required to go further and specifically require the jury to consider a rule of the appellee's employer in determining whether he exercised reasonable care in approaching appellant's track.

We do not believe there is any error assigned which requires a reversal of the judgment in this case, and it is affirmed.

*Affirmed.*

Delivered December 5, 1894.

Writ of error refused.