SHOWS v. CITY OF DALLAS.　(No. 7213.)

(Court of Civil Appeals of Texas. Dallas. Jan. 9, 1915. Rehearing Denied Feb. 6, 1915.)

1. MUNICIPAL CORPORATIONS (§ 120*)—ORDINANCES—EXTRATERRITORIAL OPERATION.

While city ordinances have no extraterritorial force unless specifically provided by the empowering statute, they operate against nonresidents within the city and against the property of nonresidents situated within the corporate limits.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 274–280; Dec. Dig. § 120.*]

2. EMINENT DOMAIN (§ 277*)—BREAK IN SEWER—ACTION—NOTICE TO CITY—NECESSITY.

Plaintiff's property was damaged by the bursting of a sewer which the city had built in a negligently defective manner across the property. The city charter contained a provision exempting it from liability for damages, unless the injured person should give notice of the injury within 30 days after it occurred, and that the city should not be liable for injury to person or property by any defect in any public street or work of the city unless written notice of the defect had been given the city 24 hours before the injury. Held, that the charter requirement of notice was inapplicable to cases of injury to property under Const. art. 1, § 17, forbidding that any person's property be taken or damaged without adequate compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 704; Dec. Dig. § 277.*]

3. MUNICIPAL CORPORATIONS (§ 845*)—BREAK IN SEWER—INJURY TO HEALTH—NOTICE TO CITY—NECESSITY.

Where a sewer was so negligently built across plaintiff's property that it burst and caused a nuisance to the injury of plaintiff's health, the negligent construction being due to the act of the city itself, there was no necessity of the notice of defect required by the charter to be given the city 24 hours before injury, or the notice of claim of damages required within 30 days after injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1796–1802; Dec. Dig. § 845.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by F. F. Shows against the City of Dallas. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Parks & Hall, of Dallas, for appellant. C. F. O'Donnell and M. S. Church, both of Dallas, for appellee.

TALBOT, J. The appellant sued the city of Dallas alleging, in substance, that appellee was a municipal corporation with W. M. Holland as its mayor and J. B. Winslett as its secretary; that on the 4th day of August, 1910, Mrs. Maree Hagin Smith was the owner of lots 14, 15, and 16 in block 13 of Reeves' South Side subdivision, fronting on Irwin avenue, just west of Camp street, and outside of the corporate limits of said city; that on said date Mrs. Smith, by an instrument in writing, granted to the city of Dallas the right to lay, construct, and maintain a sewer under and through said lots or parcels of land for the purpose of carrying off from said city and its corporate limits "filth, fecal matter, sewage, and débris"; that thereafter, in 1911, said city, acting within the scope of its corporate powers, did lay and construct said sewer; that appellant intermarried with the said Mrs. Smith, and in February, 1912, he and his said wife erected a five-room house on said lots of the value of $1,500, and moved into it and occupied it as their home; that thereafter, on the last day of March, 1912, the said sewer and sewer pipes, on account of their negligent and unskillful construction, and the improper laying and placing thereof, burst, sunk in, and overflowed, emitting from said sewer great quantities of stench, noisome smells, vapors, and bad odors; that the plaintiff immediately following the creation of the nuisance, as aforesaid, verbally notified defendant of its existence, and insisted from time to time that it be abated, but that defendant negligently continued to permit the same to remain and exist; that as the proximate result of the negligence of the defendant in the construction of said

sewer, and the failure and refusal of defendant to abate it, plaintiff's residence became almost uninhabitable, and caused plaintiff and his wife great nausea, serious sickness, and mental distress, to their damage in the sum of $60,000; that, in addition to the said injuries to plaintiff and his wife, their house, as a result of the negligence of the defendant in the construction of the sewer, and the overflow and deposit of its contents upon their premises, has been injured in that the floors thereof have become warped and changed, the framework thereof has become out of plumb, the paper on the walls has been torn and made unsightly and the flues caused to burst, to their damage in the sum of $750; and that their lots connected with and adjacent to said house, as a result of the aforesaid negligence of defendant, the bursting of said sewer, and the overflow of its contents, have washed out, caved in, and otherwise injured, apart from their said house, to their damage in the sum of $250. Plaintiff charged that all of the alleged negligence and wrongs of the defendant and the damages resulting to plaintiff and his wife occurred without and beyond the territorial limits of the city of Dallas, and prayed for damages in the sum of $61,000. The defendant answered by general and special demurrers to plaintiff's petition and a general denial of the allegations thereof. The general demurrer and two special exceptions urged by the city were sustained, and, the plaintiff declining to amend, his case was dismissed. The special exceptions sustained are as follows:

(1) "This defendant specially excepts to said petition because said petition fails to allege and show by proper averment that the defect causing the damage or injury alleged to have been sustained by plaintiff were actually known to the mayor or city engineer by personal inspection for a period of at least twenty-four (24) hours prior to the occurrence of the alleged injury or damage, and fails to disclose that the mayor or city engineer's attention had been called thereto by any notice in writing at least twenty-four (24) hours prior to the occurrence of said injury or damage, and fails to allege that the proper diligence had not been used to rectify said defect after the same had been known by, or called to the attention of, the mayor or city engineer."

(2) "Defendant specially excepts to plaintiff's said petition because it is not affirmatively alleged in said petition that full notice of said injury or damage and the particulars thereof were duly given by the plaintiff to the city of Dallas, to the mayor thereof, or to the city secretary thereof, within thirty (30) days after the happening of same, as required by the city charter of the city of Dallas."

At the time of the injuries complained of, and for some time prior thereto, the city of Dallas was acting and being administered under a special charter granted by the Legislature, and under the commission form of government. Article 14, § 11, of said charter, reads thus:

"Before the city of Dallas shall be liable for damages of any kind, the person injured, or some one in his behalf, shall give the mayor or city secretary notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where, and how the injury occurred and the extent thereof. That the city of Dallas shall never be liable on account of any damage or injury to person or property arising from, or occasioned by, any defect in any public street, highway, or grounds, or any public work of the city, unless the specific defect causing the damage or injury shall have been actually known to the mayor or city engineer by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, unless the attention of the mayor or city engineer shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of the injury or damage, and proper diligence has not been used to rectify the defect after actually known or called to the attention of the mayor or city engineer aforesaid."

The written notice required in this article of appellee's charter was not alleged, and for that reason its said demurrers were sustained by the court and appellant's suit dismissed. Appellant, by his assignments of error, contends that this action of the court was error because (1) appellee itself negligently constructed the sewer causing the damages complained of, and therefore the provision of the charter mentioned does not apply; (2) because the provision of the charter in question has no extraterritorial force, and, it having been alleged that the nuisance resulting in the injuries complained of was created by the negligence of appellee outside of and beyond the corporate limits of the city of Dallas, it was not necessary to allege, as a condition precedent to appellant's right of recovery, that the notice required in said provision had been given; and (3) because, under the Constitution of this state, appellant's property could not be taken, damaged, or destroyed for or applied to public use without adequate compensation being made therefor without his consent, and therefore it was not essential to his right of recovery to allege and prove the giving of the notice required in said article of appellee's charter.

[1, 2] Ordinances and by-laws passed by the governing bodies of municipal corporations have no extraterritorial force, unless specially provided by the empowering statute for particular purposes. They do, however, operate with all the force and effect of statutes both against residents and nonresidents within the municipality, and also against the property of nonresidents situated within the corporate limits of the city. 28 Cyc. 391. The charter of the city of Dallas having been granted by a special act of the Legislature, all its provisions have the force and effect of statutes, and as such can be enforced, it would seem, in a proper case, beyond its territorial limits. But we are of opinion that the provision of appellee's charter invoked by it and applied by the court has no application to the case before us. In City of Dallas v. Young, 28 S. W. 1036, this court held that a provision of said city's charter to the effect

that no action against the city could be maintained for damage caused by any street, sewer, culvert, etc., being out of repair, unless it had remained so for ten days after notice in writing had been given to the mayor or city engineer, did not apply when the damage resulted from the erection of embankments above the level of the surrounding land causing the flooding of the plaintiff's land during rains, and the emptying of the contents of a nearby sewer on such lands. In support of this holding the case of City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693, is cited, in which the Supreme Court of this state held that a similar statute did not apply where the injury complained of was caused by the negligent action of the city itself. Likewise this court held in City of Dallas v. Cooper, 34 S. W. 321, that the plaintiff's petition which alleged that said city so unskillfully graded and paved its streets and alleys as to raise them above plaintiff's property, thereby closing the natural outlet of the water, and then negligently and unskillfully constructed its sewer and closed up the manhole, or drain whereby plaintiff's property was overflowed and damaged, stated a cause of action, and that, as the attention of the city's servants who negligently closed the sewer was called to the negligence, the city could not invoke the right of notice of such condition. Citing City of Houston v. Isaacks, supra, City of Dallas v. Young, supra, and City of Houston v. Kleinecke, 26 S. W. 250. In the last case cited above it appeared that Calhoun street, in the city of Houston, had been dedicated as a public street; that the plaintiff became the owner of a lot fronting on said street after such dedication, buying with reference to the advantages resulting to it from the presence of the street. The city, for the purpose of drainage, caused a canal or ditch to be dug in the street depriving appellee of the approach to the front of the property, which it had afforded, and damaged the value of the lot. The plaintiff sued the city and recovered judgment. The charter of the city of Houston provided that the city should not be liable to any person for damages or injuries caused from streets, ways, crossings, bridges, or sidewalks being out of repair from gross negligence of the corporation, unless the same had remained so for 10 days after special notice in writing given to the mayor or street commissioner. This notice had not been given, and the question raised on the appeal was whether or not the city, under its charter, was liable for the damages sustained by the appellee in the absence of such notice. In holding that the city was so liable, the Court of Civil Appeals of the First District said:

"We think the question of liability of the city is settled by the decisions of this state. Railway Co. v. Fuller, 63 Tex. 467; Railroad Co. v. Eddins, 60 Tex. 656; City of Ft. Worth v. Howard, 3 Tex. Civ. App. 537, 22 S. W. 1059. The provision of the city charter, copied in the second assignment, does not apply to this kind of a case. Besides, the right to such compensation is secured by the Constitution, and cannot be taken away by the Legislature."

This latter statement of the Court of Civil Appeals is based upon the familiar provision of our Constitution (article 1, § 17), which declares that "no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made unless by the consent of such person," and the clear holding of the court is that, where a man's property has been so taken or "damaged," notice, such as that required in the appellee's charter upon which it relies, does not have to be alleged and proved as a condition precedent to the right of recovery. This holding we approve, and, if correct, it follows that the trial court erred in sustaining appellee's demurrers to that phase or branch of appellant's case claiming damages, for the reasons alleged, to his house and lots.

[3] But was it necessary for appellant to allege the giving of the notice required by appellant's charter in order to maintain his suit for the damages claimed to have been suffered by himself and wife personally on account of the foul odors emitted by the alleged bursting of the sewer, and from the contents of the same case upon appellant's premises? Our conclusion is that it was not. We are unable to distinguish the case in this respect from that of City of Houston v. Isaacks, supra. In that case it was held that the negligent act complained of was the act of the city itself, and hence a similar provision with respect to the giving of notice as that invoked in the present case did not apply. Here the allegations are full and specific that the sewer involved was negligently constructed by the defendant city, and that, as a proximate result of that negligence, the nuisance complained of was created, existed, and the damage done. It is not specifically charged that the work of constructing the sewer was done by the mayor of the city, or its secretary, to whom the charter required the notice to be given, but the construction of the sewer was done under the orders, direction, and control of its mayor and board of commissioners, and was their act, and the act of the city they represented, as clearly and as much so as was the act complained of in Isaacks' Case the act of the city of Houston and its mayor. The case is therefore unlike, and is distinguishable from, that of Parsons v. City of Ft. Worth, 26 Tex. Civ. App. 273, 63 S. W. 889, cited by appellee. In that case, as shown by the opinion delivered, it was alleged that the city of Ft. Worth had duly and legally set apart and established dumping grounds for the deposit and burial of all dead and offensive matter of said city, and the complaint was that certain offensive matter was not properly interred in accordance with the city's regulations.

There was no complaint of negligence on the part of the city in locating its dumping grounds at the place it did, or of insufficient regulations. Nor was any complaint made of the fact that offensive matter was deposited on the dumping grounds for burial. This being the status of the case, the Court of Civil Appeals of the Second District held that the plaintiff's pleadings, in effect, charged that the management of the city dumping grounds was that of the servants of the city; that the city, through its council, had designated a proper place for the dumping grounds, and had prescribed suitable regulations for the burial of all dead and offensive matter of the city, and therefore the negligence of which the plaintiff complained must be construed to have been that of the servants and officers of the city, other than the mayor or city secretary; and that, these being true, the case was distinguishable from that of City of Houston v. Isaacks. Such is not true, in our opinion, of the case before us, and we therefore hold that the branch of it we are now considering is ruled by the Isaacks Case. At all events, the trial court erred, we think, in holding that that portion of appellant's cause seeking to recover damages for injury to his property was subject to appellee's demurrers.

The judgment is reversed, and the cause remanded.