CITY OF WACO V. H. D. ROBERTS ET AL.

No. 5392.   Decided April 6, 1932.
(48 S. W., 2d Series, 577.)

*John McGlasson,* City Attorney, and *Geo. W. Morrow,* Asst.
City Attorney, for plaintiff in error.

Defendant's general demurrer to plaintiff's petition should have been sustained because the petition fails to allege the claim was presented to the city secretary of the City of Waco as required by the charter of the city and thus fails to state a cause of action. City of Waco v. Watkins et al., 292 S. W., 583; City of Dallas v. Shows (Texas Com. App.), 212 S. W., 633; Cawthorn v. City of Houston (Texas Com. App.), 231 S. W., 703; Dillon on Municipal Corporations (5th ed.), sec. 1613; 43 C. J., Municipal Corporations, sec. 1999; Parsons v. City of Fort Worth, 63 S. W., 889; Luke v. City of El Paso, 60 S. W., 363; English v. City of Fort Worth, 152 S. W., 179; City of Ft. Worth v. Shero, 41 S. W., 704, 43 C. J., Municipal Corporations, sec. 1956; City of Houston v. Isaacs,. 3 S. W., 693; Shows v. City of Dallas (Civ. App.), 172 S. W., 1137; 43 C. J., Municipal Corporations, p. 1189, note 64.

*Bryan & Maxwell*, of Waco, for defendants in error.

The action of the city in the instant case constituted the damaging and destroying of property without due process of law and without adequate compensation, and therefore it was not necessary to serve notice thereof on the city. City of Fort Worth v. Ashley, 197 S. W., 307; City of Houston v. Kleinecke, 26 S. W., 250.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

The defendants in error owned a tract of land in the City of Waco, about 118 by 200 feet in size, approximately two blocks from Waco Creek. There were three houses on the property, one of which was occupied by defendants in error as their residence. Plaintiff in error dug a channel which changed the course of the creek, causing it to run near the property above described. The defendants in error then instituted suit to recover compensation for the permanent damage which they claimed to have suffered by reason of the new channel and an embankment on the side thereof erected in such a way that water was impounded and held on their land and caused to stand under their houses and on their premises. In the petition upon which the case was tried the defendants in error in part alleged:

"That at the time of the purchase of said property Waco Creek in its natural flow intersected South 10th Street about a block from plaintiff's property, and then said creek turned to a southeasterly direction and meanders in an easterly and northerly direction about two blocks from plaintiff's property,

making a horse-shoe south of plaintiff's property, and then running back to a point northeast of where said creek intersects South 10th Street and then on its course to the river.

\* \* \* \* \* \*

"That in the fall of 1923 or spring of 1924 or both times, the City of Waco, through its servants, agents and employees, conceived the idea of running, and did run, and change the channel of said creek by cutting a deep ditch from where the same intersects South 10th Street in a northeasterly direction to the place where said creek makes its bend from a northerly direction to an easterly direction, which said ditch has been excavated by the defendant to a depth of from 10 to 15 feet and a width of some thirty or forty feet, and all of the dirt excavated from said land has been piled upon its adjacent sides; that the defendant through its said servants, agents and employees, with an utter disregard for this plaintiff's property, and the use to which he is making the same as a home with his family, the said City did pile said dirt to a depth of one foot to three feet on the south side of his said property, thereby making a complete dam for any waters that fall north of plaintiff's property, without providing necessary drainage to take care of said water.

\* \* \* \* \* \*

"That the defendant through its servants and agents has piled up and erected a dump on the north and west side of the ditch and constructed by it, and that all the water that flows on the north and west side of said embankment for a distance of one-half mile or more, drains back in its natural flow towards said creek; that without a large rainfall and without overflow conditions, but just ordinary rain, and when said creek is not more than two or three feet in water, by reason of said embankment, the water accumulates and stands over his entire property, under his house, in his lot, under his barn and cow-shed; that after each rain after such construction, the water so accumulated has been and remained on his said premises, and that the drain pipe placed under said embankment by the defendant herein is wholly insufficient to relieve said situation, and said drain pipe is improperly constructed in that it is placed on ground higher than his said property, by reason of which said location of said drain pipe, the waters accumulated on plaintiff's property, and the land lying north of plaintiff's property but remains thereon and becomes a permanent nuisance and interferes with the enjoyment of said property,

which is plaintiff's home, occupied by his wife and family, and has been so occupied for a period of years.

\*   \*   \*   \*   \*   \*

"That in case of high water in Waco Creek, and especially that portion here recently cut by the defendant, and which passes just south of plaintiff's property line, said water will at times of overflow pass through and over plaintiff's property by reason of the fact that a sufficient embankment and protection has not been furnished or provided on said recently cut ditch, just west of plaintiff's property; that in case of high waters the same will form a bed in and across plaintiff's property by reason of the fact that the land between 10th street and 9th street, and the land on which plaintiff's home is builded, and which he is now occupying as a residence with his family, is lower than the property on either side of said Creek at 9th Street, and that the waters coming down said creek, and where the same intersects the newly made ditch dug and constructed by the defendant, will necessarily pass in, over and through plaintiff's property, all of which said acts of said defendant in the digging of said ditch or permitting same to be dug in the manner herein alleged is negligence and has contributed to the injuries sustained by him."

The defendant in error further alleged that since the negligent constructions complained of by them, they had been deprived of the rental value of their houses, because of the overflowing of the premises, standing of the water, etc. In paragraph 8 of the petition they declared:

"Plaintiff further alleges that since the construction of said ditch, embankment, etc. his said property, including his home and rent houses have been continuously inundated by water, caused by the negligent acts of defendant as herein alleged, and that by reason of the construction of said ditch, embankment, etc. his said property will continue to be flooded and inundated by rains and overflows; that said water cannot escape off of his property by reason of said ditch and embankment, all of which was occasioned by the negligent acts of the defendant, and said defendant knew at said time when it constructed said ditch and embankment that it would destroy the value of plaintiff's property as herein alleged.

The defendants in error further pleaded that in addition to the loss in value of their property, occasioned by the acts of the city, their right to occupy their home had been materially interfered with; that they will be either required to vacate their home and abandon it and seek other quarters, or will be

compelled to occupy the premises surrounded by a pond, which will be injurious to their health, etc.

Trial was by a jury, which found in favor of the defendants in error on all issues. The city appealed the case, and the Court of Civil Appeals affirmed the judgment of the trial court. 12 S. W. (2d) 263.

Counsel for the City of Waco contend that a general demurrer to the plaintiff's petition should have been sustained, because the petition failed to allege that the claim made the basis of the suit was presented to the city council as required by the city charter. The notice provision of the charter of the City of Waco reads as follows:

"The City of Waco shall not be held responsible on account of any claim for damage to any person or property unless the person making such complaint or claiming such damage shall within thirty days after the time at which it is claimed such damages were inflicted upon such person or property file with the City Secretary a true statement under oath as to the nature and character of such damages or injuries, the extent of the same, and the place where same happened, and the circumstances under which happened, the condition causing same, with a detailed statement of each item of damages and the amount thereof."

The Court of Civil Appeals overruled the contention of the city, and with that ruling we are in accord. That court quite correctly said that provisions of this charter have been upheld in cases to which they are applicable, but they have no application to cases of the character before us.

Under the allegations of the petition and the findings of the jury, what the city has done amounts to a taking of the property of the defendants in error without compliance with the mandatory provisions of section 17 of article 1 of the Constitution, which provides that:

"No person's property shall be taken, damaged, or destroyed for, or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money."

Ft. Worth Improvement District No. 1 v. City of Ft. Worth, 106 Texas, 148, 158 S. W., 164; County of Harris v. Gerhart, 115 Texas, 449, 283 S. W., 139; Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Texas, 467; City of Wichita Falls v. Mauldin, 39 S. W. (2d) 859; Pumpelly v. Green Bay Co., 13 Wallace

(U. S.), 166; Conniff v. San Francisco, 7 Pac., 41; Farnham on Water Rights, vol. 1, sec. 76b.

■■ Since the injury done the defendants in error arose out of a taking of their property by the city, in violation of the Constitution, it is obvious that the charter provision as to notice has no application. The Constitution and statutes have defined the respective rights, substantive, adjective, and procedural, of parties when property is to be taken by a municipality for public use. Constitution, art. 1, sec. 17; Revised Statutes, arts. 1107, 1206, 1207, and 3265. The sum and substance of these provisions of law, aside from the procedural matters set forth, is that when property is to be taken by a municipality for its use, ·it must be paid for, or the money deposited before the property is taken. These requirements were those of the Constitution and the general law, and the city was without power to take or destroy the property except in compliance therewith.

When the property of defendants in error was taken in violation of the Constitution, their cause of action arose under the Constitution itself, and the charter was ineffective to make the additional requirements that although the city had taken or damaged the property without due process, still a cause of action could not be maintained because the defendants in error had not notified the city, in the manner provided by the charter, that they would not abide by the trespass. The Constitution, sec. 17, art. 1, having fixed the method by which a city may take or damage private property for public use without liability for tort, the constitutional method was exclusive, and the Legislature was without power to prescribe any other method to accomplish the same purpose. City of Fort Worth v. Ashley, 197 S. W., 307; City of Houston v. Kleinecke, 26 S. W., 250; City of Dallas v. Shows, 212 S. W., 633.

■ In the Ashley case the Court of Civil Appeals held that a notice provision similar to the one here involved could not apply, in part, because the Constitution gave the right of action under the facts of the case. The opinion was by Chief Justice Conner, and in part reads:

"The provision of the charter of the city of Ft. Worth pleaded and proven by the defendant requiring notice in writing to be served upon the board of city commissioners of damages and injury of any kind to persons or property is without doubt valid and enforceable. Parsons v. Ft. Worth, 63 S. W., 889; City of Ft. Worth v. Shero, 16 Texas Civ. App., 487, 41 S. W., 704; English v. Ft. Worth, 152 S. W., 179; Luke v. El

Paso, 60 S. W., 363. But it cannot be said that by reason thereof the court erred in refusing to give a peremptory instruction for the defendant, because, as appears from the evidence, a recovery for damages for the deteriorated value of plaintiff's premises was recoverable, not only because coming within the terms of the notice given, but also because, it seems, of the constitutional right to recover such damages regardless of the question of notice. Section 17, article 1, Constitution of Texas; Shows v. Dallas, 172 S. W., 1137; Houston v. Kleinecke, 26 S. W., 250; Houston v. Isaacks, 68 Texas, 116, 3 S. W., 696; Dallas v. Young, 28 S. W., 1036; Dallas v. Cooper, 34 S. W., 321; Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Texas, 467; Ft. Worth v. Howard, 3 Texas Civ. App., 537, 22 S. W., 1059; Powell v. Houston & T. C. Ry. Co., 104 Texas, 219, 135 S. W., 1153, 46 L. R. A. (N. S.), 615."

In the case of Dallas v. Shows, the Commission of Appeals declined to apply a notice requirement somewhat similar to that before us to property damage by applying a strict rule of construction. That holding to that extent was no doubt correct, but we believe the Court of Civil Appeals also correctly stated the law in the same case when it said:

"This latter statement of the Court of Civil Appeals is based upon the familiar provision of our Constitution (article 1, section 17), which declares that 'no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made unless by the consent of such person,' and the clear holding of the court is that, where a man's property has been so taken or 'damaged,' notice, such as that required in the appellee's charter upon which it relies, does not have to be alleged and proved as a condition precedent to the right of recovery. This holding we approve, and, if correct, it follows that the trial court erred in sustaining appellee's demurrers to that phase or branch of appellant's case claiming damages, for the reasons alleged, to his house and lots." City of Dallas v. Shows, 172 S. W., 1137, 1139.

In the Kleinecke case the notice provision involved was one requiring prior notice of defect before recovery could be had for damages to property in violation of the Constitution. Judge Williams, who became, and was for many years, Associate Justice of the Supreme Court, held that compliance with the notice provisions of the city was unnecessary to the maintenance of an action for damages, and as one of his reasons therefor stated:

"We think the question of liability of the city is settled by the decisions of this state, Railway Co. v. Fuller, 63 Texas, 467;

Railroad Co. v. Eddins, 60 Texas, 656; City of Ft. Worth v. Howard, 3 Texas Civ. App., 537, 22 S. W., 1059. The provision of the city charter, copied in the second assignment, does not apply to this kind of a case. *Besides, the right to such compensation is secured by the constitution, and cannot be taken away by the legislature. Const., art. 1, sec. 17.*" (Italics ours). 26 S. W., 250.

Compliance with both prior and subsequent notice provisions, where applicable, is an essential part of the cause of action and necessary to its maintenance. McQuillin on Municipal Corporations (2d ed.), vol. 6, sec. 2888, vol. 7, sec. 3001; White's Negligence of Municipal Corporations, sec. 280. If a prior notice of defect cannot be required where property is taken or damaged in violation of the Constitution, then for like reasons a notice of claim for damages cannot be exacted where the claim is based upon a violation of section 17 of article 1 of the organic law.

In view of the constitutional provision, section 17, article 1, and the statutes of the state providing for condemnation proceedings, we are also of the opinion that it was never intended that the notice section of the charter of Waco, here involved, should apply to claims for property taken or damaged, as was the property of defendants in error. Notice statutes, being in derogation of the common law, are to be strictly construed. White on Negligence of Municipal Corporations, sec. 667. The text cited gives many illustrations of the application of the rule. Space does not permit us to refer to them at length.

■ Generally it may be said that notice provisions, such as the one before us, apply only where the injury is casual and not where it is a continuous injury, as that involved in this litigation. White's Negligence, supra; Gerow v. Liberty, 106 App. Div. (N. Y.), 357, 94 N. Y. S., 949. Sometimes such provisions are construed not to apply to the flooding of property by reason of insufficient drains, one of the charges made in the petition in the instant case, or when the injury complained of is the direct and open result of an act committed by the city. See generally McQuillin on Municipal Corporations (2d ed.), vol. 6, sec. 2890, and cases in the notes; Hughes v. Nashville, 137 Tenn., 177, 192 S. W., 916; McCarthy v. Mountain View, 136 Tenn., 133, 188 S. W., 595. Other cases hold that a statute requiring "any claim or demand" to be presented to the city before suit does not apply to claims for injuries due to defective streets. Jung v. Stevens Point, 74 Wis., 547, 43 N. W.,

513; Sommers v. Marshfield, 90 Wis., 59, 62 N. W., 937. It is usually held that such statutes are inapplicable to damages caused by defective sewers. McQuillin on Municipal Corporations (2d ed.), vol. 6, sec. 2890, p. 978, and many cases cited in note 43.

These citations suffice to show that our conclusion that the notice section before us was never intended to apply to the type of damages here involved is consistent with the views of other jurisdictions.

Since the notice provision of the charter of the City of Waco has no application to the type of claim presented by the petition of defendants in error, the trial court and Court of Civil Appeals correctly disposed of the case. The judgments of the district court and the Court of Civil Appeals are accordingly affirmed.