No. 2380.

MAYOR, ALDERMEN AND INHABITANTS OF HOUSTON
*v.* E. M. ISAACKS.

1. CITY CHARTER CONSTRUED—NOTICE.—The amended charter of the city of Houston provides that the city shall be exempt from liability for injuries caused from streets, crossings, bridges or sidewalks being out of repair, unless the same shall have remained so for ten days after special notice in writing given to the mayor or street commissioner. *Held,* that if injury results from the negligence of the very city officers to whom the notice is required to be given, in leaving unprotected excavations in a street, no written notice is required to render the city liable in damages. On this point the decision rendered in City of Springfield v. Le Claire, 49 Illinois, 476, approved.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The opinion states the case.

*C. Anson Jones,* for appellant, on his proposition that the city of Houston was not liable in damages for injuries occasioned by the defective condition of its streets, such defective condition being remotely or indirectly caused by an independent contractor with the city in carrying out a contract for the improvement of the streets; unless ten days previous to the injury complained of, special written notice of such defective condition had been given to the mayor or street commissioner, although the contract provided that the work is to be done under the direction and supervision of the city engineer, cited section 34 of charter fo Houston, he cited special laws of 1879, page 22; section 23 of same; special laws 1883, page 17 (this charter is a public act); City

of Galveston v. Barbour, 62 Texas, 176; Dillon on Municipal Corporations, sections 790, 792, 793, 795.

On his proposition that the city of Houston was not liable for damages occasioned by the act of an independent contractor engaged in the grading and paving of the streets; that the remedy of the party injured was against the contractor alone, and the charge of the court was erroneous in making the liability of the city depend upon the mere fact that the bad condition of street was brought about in carrying out a contract for paving made by Hatter with the city, and knowledge on the part of the city of the condition of the street, he cited section 23, charter of Houston, Special laws of 1883, page 17; section 40 of same, special laws of 1883, page 22; Cunningham v. International Railroad Company, 51 Texas, 503; Hilliard on Torts, volume 2, sections 533–551; Dillon on Municipal Corporations, sections 790, 792, 793; Story on Agency, sections 453, 454; Painter v. Pittsburg, 46 Pennsylvania State, 213; Hilliard v. Richardson, 3 Gray (Massachusetts), 349; Blake v. Ferris, 1 Selden (New York), 48; Barry v. St. Louis, 17 Missouri, 121; Samyn v. McCloskey, 2 Ohio State, 536; Carman v. S. & I. Railroad Company, 4 Id., 390; DeForrest v. Wright, 2 Michigan, 368; Hughes v. Boyer, 9 Watts, 556; Bard v. Yohn, 2 Casey, 482; West Chester v. Apple, 11 Id., 284; Blattenberger v. Little Schuylkill Navigation Company, 2 Miles, 309; Rapson v. Cubitt, 9 M. & W., 710; Readle v. London and Northeastern Railroad Company, 4 Exchequer, 243; Overton v. Freeman, 8 English Law and Equity, 479. City is not liable in such cases, although contract requires work to be done under direction and to satisfaction of city engineer, Pack v. New York, 4 Seldon, 222; Kelly v. New York, 1 Kernan, 432.

[NOTE.—In connection with this proposition attention should be called to the fact stated in the opinion, that the work was left in a dangerous condition after the contractor was discharged, and no steps taken by the city to guard against injury.]

*E. P. Hamblen,* for appellee, on his proposition that if the proper officers of the city, duly authorized by the ordinances so to do, caused the excavation complained of to be made, and caused the contractor to discontinue work, knowing that the excavation was made, and no protection or warning was given to the public of the same, then the act became the act of the city, and no written notice of the dangerous condition of the street was necessary to be given in order to hold the city liable, cited Mayor v.

Sheffield, 4 Wallace, 195; Thompson on Negligence, volume 2, page 740, section 5; and page 762, section 6; Springfield v. Le Claire, 49 Illinois, 476; Barton v. Syracuse, 36 New York, 58.

GAINES, ASSOCIATE JUSTICE.    This is a suit against appellants by appellee to recover damages for a personal injury received by the wife of the latter.   Appellee, who had his wife with him, was driving his wagon along one of the streets of the city of Houston, and ran into a hole.   By a jolt, caused by the depression, the wife was thrown from the vehicle and thereby injured. One Hatter had entered into a contract with the city to gravel the street, and, in pursuance of his agreement, had made an excavation about eight inches deep at the place where the accident occurred.   The authorities of the city, becoming dissatisfied with the manner in which he was performing the contract, had stopped the work, and the excavation was left as he had made it.

The cause was submitted to a jury, and it is assigned that the court erred in failing to charge that plaintiff could not recover unless notice had been given to the mayor or street commissioner of the city of the defect in the street before the time of the alleged injury, and in refusing to give special instructions to that effect asked by defendants.   It was admitted that no such notice was given.   In support of this assignment we are referred to section 24 of the amended charter of the city, which reads as follows:   "That said corporation shall not be liable to any person for damages for injuries caused from streets, ways, crossings, bridges or sidewalks being out of repair, from gross negligence of said corporation, unless the same shall have remained so for ten days after special notice in writing given to the mayor or street commissioner."   (Special Laws of 1879, page 22.)

The provision is a most stringent one, and its practical effect would seem to be to exempt the city from all liability for such defects as ordinarily accrue.   But we can not say that it should not be enforced in a case to which it is applicable.   We are of opinion, however, that it does not apply to the case before us. There may be some reason in requiring notice to the city authorities of a defect accruing from ordinary causes, such as the action of floods, the use of the street by the public, or it may be said from any cause except by the action of the city itself.   But in the present case the city put a contractor to work upon the street, stipulating to have an excavation made which was to be filled with

gravel, and, after the work had been begun and the street had been rendered unsafe for travel, discharged the contractor and left the work in an unfinished condition. This action was taken by the very officers to whom the charter required the notice of defects to be given. The city is not sought to be held liable for any injury caused by a defect accruing from any extrinsic cause whatever, but for having by its own procurement made the street unsafe and knowingly left it in that condition. The street commissioner himself testified, on the trial, that he "made no repairs" of the defect, because he considered it the duty of the contractor to do it. Under these circumstances, we are of opinion that no proof of a written notice was necessary in order to hold the city liable for the injury complained of in this case; and in this view we are sustained by the case of City of Springfield v. Le Clare, 49 Illinois, 476, in which a like provision in the charter of that city was held not to apply under a very similar state of facts to those presented by the record before us.

The fifth assignment of error complains that the charge of the court assumes that the street was in bad condition. The court charged the jury, among other things, that * * * "if further satisfied from the evidence that the injuries to plaintiff's wife resulted from and was caused by the bad condition of the street as alleged in the petition, * * * find for plaintiff."

The assignment is not well taken. The charge neither assumes the fact, nor was it calculated to mislead the jury, as is claimed in the proposition under the assignment.

It is further claimed, however, that, since Hatter was an independent contractor and not an agent of the city, the latter can not be held liable for his acts. But the evidence shows clearly that the city had discharged its contractor, and then took no steps to repair the injury that had been done to the street by the excavation. It would seem, however, that the weight of authority is against appellant's proposition, as applicable to a case where the work itself to be done is attended with danger to the public. (See Springfield v. Le Claire, supra; 2 Dillon on Municipal Corporations, third edition, sections 1029, 1030.)

We think the evidence sufficient to sustain the verdict. It is true that the testimony for appellant showed that many persons had crossed with vehicles the street at the place of the excavation without injury; and it may be, that a person who knew of defect, could have avoided danger by careful driving. We do not see that appellee was guilty of any negligence in not being

on the lookout for holes in the street of a city, and especially when the street at that place was in good condition the last time he had passed over it. The undisputed fact that his wife was thrown from his wagon by the jolt caused by the excavation is sufficient proof of its dangerous character.

There is no error in the judgment, and it is affirmed.

*Affirmed.*