**WILLIS et al. v. CITY OF SAN ANTONIO et al. (No. 7222.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1924. Rehearing Denied Jan. 7, 1925.)

**1. Municipal corporations ☞723½—Legislature may make municipality's liability for injuries dependent on notice of defect.**

Legislature has power to limit municipality's liability for injuries as provided in San Antonio City Charter, § 46, and no recovery of damages can be had against such city for injuries by obstructions in streets in absence of proof of giving of prescribed notice of defect or obstruction causing injury from which alleged damages flow.

**2. Municipal corporations ☞788(2)—Municipality charged with notice of street obstructions by acts of persons to be notified.**

Municipality is charged with requisite notice of street obstructions causing. injuries, where such obstructions result from acts of very persons to whom notice is required by charter to be given.

**3. Municipal corporations ☞817(1)—Burden of showing negligence in permitting street obstructions rests on person injured.**

Burden of showing that municipal officers were in person guilty of negligence in permitting street obstructions resulting in injuries rests on person claiming to have been injured by such negligence.

**4. Municipal corporations ☞817(2)—Negligence not inferred from injury by obstruction in street.**

Negligence of municipal officers may not be inferred from mere presence of obstruction in street by which a person is injured or from mere happening of an accident; doctrine of res ipsa loquitur not being applicable.

**5. Municipal corporations ☞821(8)—Verdict properly directed for city on evidence as to responsibility for obstruction causing injury.**

In pedestrian's action for injuries sustained when her foot caught on sharp end of wire cable projecting out of street surface, verdict was properly directed for city, where evidence was such that court was left entirely to speculation as to when and how and by whom obstruction was placed.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Nona Iona Willis and another against the City of San Antonio and others. From an adverse judgment, named plaintiff appeals. Affirmed.

Horace E. Wilson and A. L. Matlock, both of San Antonio, for appellant.

Joseph Ryan, T. D. Cobbs, Jr., and W. B. Halbig, all of San Antonio, for appellees.

SMITH, J. This suit was brought by Mrs. Nona Iona Austin against the city of San Antonio and the Uvalde Rock Asphalt Company to recover damages for personal injuries alleged to have been sustained by Mrs. Austin when, in crossing North Presa street, in said city, her foot was caught upon the sharp end of a wire cable about half an inch in diameter and from 5 to 10 feet long, which was projecting out of the surface of the street. After bringing suit, Mrs. Austin was married to W. H. Willis, who was joined as plaintiff. At the conclusion of the trial the court below peremptorily directed the jury to return a verdict in favor of the city; the plaintiff having in the meantime dismissed as to the asphalt company. From the resulting adverse judgment Mrs. Austin, now Mrs. Willis, has appealed.

It was alleged that shortly prior to the accident the city of San Antonio had torn up and repaired North Presa street, and built a bridge projecting said street across the San Antonio river, and in doing so had left one end of a wire cable exposed on the surface of the street, while the other end was in some manner attached or fastened to the ground; that at the time of the accident, in crossing the street at this point, Mrs. Austin came in contact with the exposed end of the cable, which pierced her foot, threw her violently to the ground, and seriously injured her.

There was no allegation that the city negligently permitted the street to get out of repair, after its reconstruction, or subsequently suffered the obstruction to be placed in the street, or to become exposed, or negligently failed to discover and remove the obstruction; the only allegation of negligence was that, when the city repaired the street, it left the wire exposed in a manner to cause the accident to appellant.

In order to fix liability upon the city, it was further alleged that the work of reconstructing the street, and the act of leaving the cable exposed, was done by officers and employés of the city, who had both actual and constructive notice of the obstruction in the street. The city denied any knowledge or notice, actual or constructive, of the obstruction, and pleaded appellant's disregard of a provision of its charter, requiring notice as a condition precedent to any liability on the city's part.

It is provided in the charter of the city of San Antonio (section 46) that, in order to hold the city liable in damages for injury caused by "any defect in, obstruction on, or anything else in connection with any street, * * * it must be shown that the mayor" or some other person in authority over street work, had "actual knowledge or actual notice of such defect, obstruction or other thing for a sufficient length of time before such injury was received, to have remedied the condition of the street before the injury was received."

[1] It is now well settled that the Legislature had the power to impose this limitation upon the city's liability, and that no recovery of damages can be had against a municipality, in cases of this nature, in the absence of proof of the giving of the prescribed notice of the defect or obstruction causing the injury from which the damages flow. Dillon, Mun. Corp. § 1700; City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693.

[2] The foregoing rule, however, does not apply in cases where the injuries complained of result from the acts of the very persons to whom the notice is required by the charter to be given. In such cases the city is charged with the requisite notice. 6 McQuillan, Mun. Corp. § 2808; City of Houston v. Isaacks, supra; Still v. City of Houston, 27 Tex. Civ. App. 447, 66 S. W. 76.

There was testimony sufficient to raise the issues of the existence of the obstruction in the street, and of the resulting accident and injury, but it is not contended by appellant, as we understand it, that the actual notice prescribed by the charter was given the city. Appellant depends, rather, upon her contention that the city's street officials themselves left the cable in the dangerous position which resulted in the accident, and that this fact is equivalent to the requisite notice. So we are relegated to the final question, Was it shown by appellant that the cable was placed or left in the exposed position in the street by either of the officers of the city to whom the prescribed notice was required to be given?

[3] It is obvious that the burden of showing that those officers were in person guilty of the negligence complained of rested upon the person claiming to have been injured by such negligence.

[4, 5] We find no reason for holding that such negligence must or may be inferred from the mere presence of the obstruction in the street or from the mere happening of the accident. City of Galveston v. Smith, 80 Tex. 69, 15 S. W. 589. The doctrine of res ipsa loquitur does not apply to cities in this character of action. 8 McQuillan, Mun. Corp. § 2778; City of Corbin v. Benton, 151 Ky. 483, 152 S. W. 241, 43 L. R. A. (N. S.) 591.

It is true the evidence showed that both the city and a paving company, at the instance of the city, leveled off the street and opened it up for traffic a few weeks before the accident to appellant, and that wires and cables, used in the foundation of an old building formerly situated on the site of the street, and razed to make way therefor, were removed by the city and thrown into nearby receptacles. But the undisputed evidence seems to be that this work was thoroughly done, that all the exposed wires were removed entirely or were cut off and the ends buried 18 inches below the surface of the street, so that none remained on or near the surface. So far as the evidence shows, the offending cable or wire may have been picked up from a safe place and thrown into the street by strangers or by some person having no relation to or connection with the parties in a spirit of thoughtless carelessness, or mischief, or otherwise; or the surface of the street may have been worn from constant use by the public, or washed by rains, so as to expose the cable weeks after it had been buried to an apparently safe depth.

In the absence of any evidence upon the point, the court below was left entirely to conjecture and speculation as to when and how and by whom the obstruction was placed where it caused the injury to appellant, and in such case it was the duty of that court to direct a verdict for the city, as was done.

The judgment must be affirmed.