## WILLIS et al. v. CITY OF SAN ANTONIO et al. (No. 749–4344.)

(Commission of Appeals of Texas, Section A. Feb. 17, 1926.)

1. **Municipal corporations ⬅768(2)—City has notice of condition of street caused by its acts through officials to whom notice of condition must come.**

Whenever a defective and dangerous condition of street is caused by act of city itself, acting through officials to whom notice of such condition must come to render city liable, city has notice of such condition.

2. **Municipal corporations ⬅821(15)—Whether wire left in street causing injury to pedestrian was left by city street forces so as to give city notice held for jury.**

In pedestrian's action against city of San Antonio for injuries sustained when her foot caught on wire cable projecting out of street surface, whether wire was left in street in condition it was at time and place of accident by city street forces when they quit work on street some four weeks prior to accident, so as to give city notice thereof under City Charter, § 46, held for jury.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Nona Iona Willis and another against the City of San Antonio and others. Judgment for defendants was affirmed by the Court of Civil Appeals (267 S. W. 763), and plaintiffs bring error. Reversed and remanded.

Horace E. Wilson and A. L. Matlock, both of San Antonio, for plaintiffs in error.

Jos. Ryan, City Atty., of San Antonio, for defendants in error.

HARVEY, P. J. This suit was brought by the plaintiff in error, Nona Iona Willis, joined by her husband, against the city of San Antonio, defendant in error, for damages alleged to have been sustained by Mrs. Willis as a result of personal injuries received by her in being thrown to the ground by coming in contact with a steel rod lying in a public street of said city. At the conclusion of the testimony the trial court instructed the jury to return a verdict for the city, which was done, and judgment was duly entered thereon in favor of the city. The Court of Civil Appeals affirmed the judgment of the trial court. 267 S. W. 763. It is necessary that we examine the facts of the case with the view of determining whether or not

the evidence adduced at the trial raised an issue of fact as to the city's liability. And in making such examination we do not find it necessary to examine in detail all of the testimony introduced at the trial. But we shall confine our examination to such evidence as tends to support the plaintiffs' case. The evidence discloses that North Presa street runs northward from the San Antonio river, and that College street, running east and west, intersects and crosses North Presa street about 70 or 75 feet north of the river. Mrs. Willis testified, in substance, that late in the afternoon of July 20, 1922, she was walking eastward along the sidewalk on the south side of College street. Upon arriving at the intersection of Presa street, she stepped off the sidewalk for the purpose of crossing to the east side of Presa street. After she had taken a few steps in the latter street, her foot came in contact with the end of a steel rod about one-half inch in diameter, and she was thrown to the ground and suffered bodily injuries of which she complains herein. According to her testimony, about 6 feet of the rod was lying on the surface of the street, and the other end thereof was embedded in the ground. When her foot struck the end of the rod it became fastened thereon in some way, and the rod sprang upward, some 2 or 3 feet, carrying her foot with it, and she was thrown violently to the ground, and her foot was thus held elevated in the air until some bystanders came and released her from the predicament. She further testified that in the street, about the place where she fell, were scattered other pieces of steel rods or cables and large, jagged rocks, and that the street at that point appeared in an unfinished condition. The evidence further discloses that the city had recently opened up North Presa street from the river to its intersection with College street, and in doing so had razed some concrete buildings that stood thereon; that in tearing down such buildings the city had taken therefrom a quantity of re-enforcing steel rods, such as the one in question, and other refuse building material. The testimony, in behalf of the city, tends to show that such rods and refuse matter were buried by the city workmen in the street, near the river end of Presa street, some 60 or 70 feet south of the point where the accident in question occurred. The evidence further shows that the accident in question occurred about four weeks after the city forces had quit work on the street and opened same for travel, and that such street construction work had been done by the city itself under the supervision and direction of the street commissioner of the city.

A portion of section 46 of the city charter of the city of San Antonio provides:

" * * * That in order to hold the city of San Antonio liable in damages to any one on account of any injury caused by any defect in, obstruction on, or anything else in connection with any street, * * * it must be shown that the mayor or some person having superintendence or control of the work on the streets for the city had actual knowledge or actual notice of such defect, obstruction or other thing for a sufficient length of time before such injury was received, to have remedied such condition of the street, alley or plaza before the injury was received."

The city contends that it is not liable herein, because the evidence fails to show that the mayor or some person having superintendence or control of the work on the streets for the city had actual knowledge or actual notice of the presence in the street of the steel rod in question a sufficient length of time before the accident to have remedied such condition. There is no direct evidence showing that the mayor or other managing officers of the city had actual knowledge or notice of the defect in the street which caused the injury of Mrs. Willis. But the absence of such direct evidence does not necessarily foreclose the question, since the fact of such actual notice may be proved by circumstantial evidence.

[1, 2] It is a settled law in this state that, whenever a defective and dangerous condition of a street is caused by the act of the city itself, acting through officials to whom the notice of such condition must come in order to render the city liable, the city will be held to have notice of such condition. City of Houston v. Isaacks, 3 S. W. 693, 68 Tex. 116; Klein v. City of Dallas, 8 S. W. 90, 71 Tex. 280. This case, therefore, hinges upon the question as to whether or not there is a sufficient basis in the evidence upon which the jury were authorized to found a conclusion that the steel rod in question was left in the street, in the condition it was at the time and place of the accident, by the city street forces when they quit work on the street some four weeks prior to the accident. We think that the evidence raised this issue, and that the trial court erred in instructing a verdict for the defendant in error.

On account of such error, we recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.