## ALLEN v. CITY OF NAVASOTA et al.
### No. 9510.

Court of Civil Appeals of Texas. Galveston.
Dec. 24, 1930.

Rehearing Denied Feb. 5, 1931.

T. P. Buffington, of Anderson, for appellant.
J. B. Leigh, of Navasota, for appellees.

GRAVES, J.

In this cause appellant, who was plaintiff below, challenges the action of the trial court in dismissing his suit, following the sustaining of a general demurrer to a petition filed by him there, which, in material substance, was this:

"Now comes M. B. Allen, a resident citizen of Grimes County, Texas, and complaining of the City of Navasota, of Grimes County, Texas, a city duly organized and existing under and by virtue of a Charter under the laws of the State of Texas, of which a City Commission and General Manager handle and control the affairs, * * * represents to the Court: * * *

"That he is the owner of the following described tract or parcel of land, situated in Grimes County, Texas, and out of the John Moore league, and being partly within and partly without the said City of Navasota, to wit: (Here follows description of his 409 acres.) * * *

"That heretofore and before the injuries complained of in this petition, the City of Navasota, for drainage purposes constructed a ditch through that portion of the said land lying within the City Limits, and also through that lying on the outside thereof, representing to Plaintiff and his grantors that said ditch would be so constructed that it would care for the flood waters then falling and afterwards to fall within the City, and said flood waters would then be drained through said ditch taking care of excess waters and maintaining such ditch so as to protect Plaintiff's land.

"That said ditch in the manner of its construction diverted from its regular course the flood rain waters falling and coming from excessive rains upon a large portion of said city, indeed draining said City, but casting upon the property of this Plaintiff such waters in such quantities as to destroy the growing crops thereon, whenever heavy rains fell at time for harvesting crops.

"That in addition to said ditch diverting the regular flow of said flood waters and casting them upon the property of Plaintiff, the said City of Navasota has permitted said ditch to fill with grass and weeds and soil and other obstructions, so that the said flood waters were by this means also arrested and diverted and sent out of said ditch upon the property of this Plaintiff, as aforesaid.

"That during the month of October, 1926, Plaintiff had a crop of cotton on the premises herein described and adjacent to the ditch which was dug by Defendant, and also during the months of November and December, 1926. That while such crop was ready for gathering, rain to the extent of several inches fell each of the months named, and that the waters from such rains, diverted by the ditch as

aforesaid and made to spread out by the weeds, grass, and soil permitted to accumulate, were by such negligent and unlawful acts of defendant, caused to flow in and upon the premises of this Plaintiff and on and over the crop of cotton being raised thereon just as same was ready for gathering, destroying thirty-five acres of such cotton crop and making the cotton thereon unfit for gathering, and making it impossible for Plaintiff to gather same; injuring and destroying on said thirty-five acres of land ten bales of seed cotton of standard weight of fifteen hundred pounds each.

"That said cotton so injured and destroyed was of the reasonable market value of One Thousand Dollars; and that Defendant by its said action in improperly digging said ditch, in diverting the waters from their usual and customary course by digging such ditch, and by permitting such ditch to fill with grass, weeds, and soil, has negligently caused such waters to overflow said thirty-five acres of land which lies adjacent to and near the said ditch so dug by Defendant, and injure and destroy such cotton, to Plaintiff's loss in said ten bales of such cotton, of the value of said One Thousand Dollars and has damaged such Plaintiff in said sum.

"Wherefore Plaintiff prays that * * * he have judgment against the said City of Navasota and against the said City Commission in its representative capacity, and the City Manager in his representative capacity for the said sum of One Thousand Dollars damages."

In the judgment of dismissal the learned trial judge recited: "It appearing to the Court that the plaintiff's original petition herein fails to allege that within ninety days after the occurrence of the alleged injury to plaintiff's property plaintiff gave the Mayor or City Manager of defendant, City of Navasota, Texas, notice in writing stating specifically in such notice when, where, and how the injury or damage occurred, and the nature of the same, and it further appearing to the Court that Sec. 7 of Article II of the Charter of the City of Navasota, Texas, provides that 'Before the City shall be liable for damages for injury to one's person or property, the person injured or damaged or some one in his behalf shall give the Mayor or City Manager notice in writing within ninety days after occurring of the alleged injury or damages, stating specifically in such notice when, where, and how the injury or damage occurred, and the nature of the same as nearly as practicable', the Court is of the opinion that the general demurrer of defendant to plaintiff's original petition herein ought to be sustained."

In this Court the attack upon the adverse judgment, through appellant's able and experienced counsel, is grounded on the contention that the quoted provision of the Navasota city charter is contrary to article 1, § 17, of the Constitution of Texas, and therefore null and void, no allegation of any advance notice whatsoever to the city being necessary in a suit by an individual against a municipal corporation for damage to property, under such authorities as City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693; City of Houston v. Kleinecke et al. (Tex. Civ. App.) 26 S. W. 250; City of Dallas v. Cooper (Tex. Civ. App.) 34 S. W. 321; Shows v. Dallas (Tex. Civ. App.) 172 S. W. 1137; Shows v. Dallas (Tex. Com. App.) 212 S. W. 633, 634.

■ Like the trial court, we are unable to see in this charter requirement of notice anything that contravenes the invoked constitutional provision, or any rights vouchsafed to appellant thereunder, as he himself declares upon them in his trial petition; the applicable portion of article 1, § 17, is "no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person," whereas this petition, not only does not allege damage to the land itself—being confined to the count for the value of a ten-bale cotton crop raised and destroyed thereon during the year 1926—but also, by legitimate inference at least, in the entire absence of any charge anywhere that it was done without his consent, and as against only the general demurrer interposed, avers that the city constructed the ditch through both parts of his land with the plaintiff's consent, or acquiescence, by the allegation that it had some time theretofore done so by "representing to Plaintiff and his grantors that said ditch would be so constructed that it would care for the flood waters then falling and afterwards to fall within the City, and said flood waters would then be drained through said ditch taking care of excess waters and maintaining such ditch so as to protect Plaintiff's land."

So that, it being the reasonable intendment of his declaration that he had consented to the construction of the ditch across his land on the city's assurance at that time that it would properly carry off the excess waters, there was obviously no inhibited taking of his property or damage thereto in placing it there; this reduces his legal grievance to the consequences of the alleged manner in which the city had constructed and operated the ditch, which were charged to be the overflow and destruction of ten bales of his cotton crop during the months of October to December of 1926, the complaint therefor not having been filed until September 28 of 1928—well-nigh two years after the occurrence.

■■ Concretely, therefore, his whole case rests on the plea that the city had no right, as a condition precedent to liability on its part, to require him, within 90 days after the occurrence of such a damage, to give it written notice thereof.

The authorities he relies on—especially Shows v. City of Dallas, supra—foreclose the question the other way, we think. A material difference between the notice provision under review in that case and the one here involved exists, in that the charter of the appellee city of Navasota in this instance specifically makes the prescribed notice necessary whether either person or property is injured or damaged, while the Dallas charter, with which the former is concerned, makes no such requirement as to property, and is held to apply to cases of personal injury only, the Supreme Court through the Commission of Appeals saying, on the constitutional question raised in both cases, this:

"Charter provisions, such as the one under discussion, requiring notice of an injury within a given time, as a condition precedent to the right to maintain an action for such injury, have been uniformly upheld. 'Such requirements are enacted in furtherance of the public policy, and their object and purpose is to protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit.' McQuillin, Municipal Corporations, § 2715; City of Ft. Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704.

"Being a condition precedent to the right of action, it is incumbent on the plaintiff to affirmatively allege the giving of the prescribed notice. Dillon, Municipal Corporations (5th Ed.) § 1613.

"The provision in defendant's charter requiring notice of the injury as a condition precedent to a suit for such injury is valid. It is wholly immaterial that the injury was the result of the act of the city itself. City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693, does not hold otherwise."

As we interpret the underlying rationale of that holding, after making due allowance for the stated difference in charter provisions, the Supreme Court, not only held that notice provision valid and constitutional as it stood, but would upon the recited considerations have done the same thing, had it specifically included injuries to property as well as persons in its notice requirement, as does the one at bar; the effect of the decision so construed is to settle the question here, since this petition failed to allege the giving of the prescribed notice. Other authorities supporting the view thus taken are: Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 701; Lee v. City of Dallas (Tex. Civ. App.) 267 S. W. 1014; City of Waco v. Watkins (Tex. Civ. App.) 292 S. W. 583; Hanks et ux. v. City of Port Arthur (Tex. Civ. App.) 8 S.W.(2d) 331; McQuillin on Municipal Corporations, § 2715.

These conclusions require the affirmance of the judgment; it will be so ordered.

Affirmed.