## ALLEN v. CITY OF NAVASOTA.

### No. 1366—5944.

Commission of Appeals of Texas, Section B.

Oct. 26, 1932.

T. P. Buffington, of Navasota, for plaintiff in error.

J. B. Leigh, of Navasota, for defendant in error.

· RYAN, J.

This suit was filed by M. B. Allen against the city of Navasota for damages to his prop-

erty, situated within and without the city limits, alleged to have been caused by the construction by the city, for drainage purposes, of a ditch through plaintiff's land which diverted the flood waters from their natural channel and permitted the ditch to become obstructed so that the diverted flood waters overflowed plaintiff's land and injured and destroyed a crop of cotton thereon, then ready for gathering, of the reasonable market value of $1,000, for which judgment was prayed.

Plaintiff's petition did not allege that notice was given to the city authorities within ninety days after the alleged injury or damages occurred, as prescribed by the city charter, and for that reason the trial court sustained the city's general demurrer and dismissed the suit; plaintiff having declined to amend. This judgment was affirmed by the Court of Civil Appeals. 35 S. W. (2d) 486.

Section 7 of article 11 of the charter of the city of Navasota provides: "Before the City shall be liable for damages for injury to one's person or property, the person injured or damaged or some one in his behalf shall give the Mayor or City Manager notice in writing within ninety days after occurring of the alleged injury or damages, stating specifically in such notice when, where, and how the injury or damage occurred, and the nature of the same as nearly as practicable."

It is contended by plaintiff in error that the quoted provision of the charter is contrary to article 1, § 17 of the Constitution, and therefore null and void in so far as damage to property is concerned, as contradistinguished from damages because of personal injuries.

As the Court of Civil Appeals correctly states, plaintiff's whole case rests on the plea that the city had no right, as a condition precedent to liability on its part, to require him, within ninety days after the occurrence of such a damage to property, to give it written notice thereof.

We are not concerned with notice to the city (actual or constructive) of defective conditions resulting in damage, before the damage occurs. ·

· In City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693, a personal injury case cited by plaintiff in error, the question was whether the city had notice prior to the time of the injury. Judge Gaines held that where the city itself by its own procurement made the street unsafe, and knowingly left it in that condition, no proof of a written anterior notice of the street's defective condition was necessary.

In City of Houston v. Kleinecke (Tex. Civ. App.) 26 S. W. 250, cited by plaintiff in error, recovery was sought from the city because of damage to adjacent property result-

ing from the city, for drainage purposes, having caused a ditch or canal to be dug in a certain street. Judge Williams held that a charter provision providing nonliability, unless the cause of damage had been made known to the mayor or street commissioner by special notice in writing ten days before the injury occurred, was not applicable.

City of Dallas v. Cooper (Tex. Civ. App.) 34 S. W. 321, cited by plaintiff in error, involved damages to property alleged to have resulted from negligent and unskillful grading and paving of streets and construction of sewers, whereby natural drains were filled up, and the overflow turned upon plaintiff's property. The city contended that it should have been shown to have had notice of the defective conditions for a sufficient length of time before the injury occurred to have remedied the same, but the court held that the defective conditions were caused by the city's servants themselves, and therefore the city was in no condition to invoke the right of prior notice of such conditions.

It was alleged by plaintiff below that the city itself dug the canal and did the work which caused overflows and damages, and therefore anterior notice to the city of defective conditions before the alleged injury to property occurred is not in the case on the present appeal in the present state of the record before us. Willis v. City of San Antonio (Tex. Com. App.) 280 S. W. 569. That was a suit for personal injuries resulting from defective street work performed by the city itself, and the question at issue was whether actual notice of the defect (as required by the charter) had to be brought home to some one having superintendence of work on the streets a sufficient length of time before the injury was received, to have remedied the defect before the injury occurred. Presiding Judge Harvey, of the Commission of Appeals, held that if the dangerous condition of the street was caused by the act of the city itself, the city will be held to have notice of such condition.

The question involved in those cases was notice of the defect, not of an injury the result of such defect. That line of cases therefore is not applicable here where the question is whether notice of damages to property must be shown, after the damages have occurred, as a condition precedent to a recovery.

In City of San Antonio v. Pfeiffer (Tex. Civ. App.) 216 S. W. 207, 208, it was contended by the city that a charter provision as follows, "Before the city of San Antonio shall be liable for damages of any kind, the person injured, or some one in behalf of such person, shall give the mayor notice in writing of such injury within twenty days after the same has been received, stating in such notice, when, where and how the injury oc-

curred and the extent thereof," was all-inclusive, and must be construed to mean damages, whether arising from breach of contract or tort of any kind, and persons who have suffered such damages must give such notice as a condition precedent to a recovery. It was contended by the appellee that the charter provision relates only to damages caused by injuries to the person and not to damages to property, and, as that was a suit for damages to property, such notice after injury was not required to be given. The Court of Civil Appeals sustained appellee, and denied the city's contention. And in City of San Antonio v. Newnam (Tex. Civ. App.) 201 S. W. 191, which was a suit for the recovery of salary by an alleged illegally discharged officer, it was held that said charter provision did not apply as against the city's contention that notice was not given as a condition precedent to the maintenance of the suit.

In City of Texarkana v. Roberts (Tex. Civ. App.) 27 S.W.(2d) 551, which was a suit for the recovery of damages to property, the charter being similar to that of San Antonio, it was held that the terms "injuries," of which notice must be given, ordinarily means injuries to the person, and does not include damage to property.

The charter of the city of Houston is more comprehensive on the subject. It provides that before the city shall be liable for damages of any kind, or for injuries to or destruction of property of any kind, notice shall be given certain city authorities within ninety days after the same have been sustained. J. H. Cawthorn, an employee of the city, brought suit against it for the recovery of damages, the result of alleged personal injuries sustained by him through the city's negligence. Judge Powell of this Section of the Commission of Appeals in an exhaustive opinion upheld the validity of the charter, but in that case the charter provision as to notice in the case of personal injuries only was involved. It was not a suit involving damages to property, and is therefore not authoritative here. Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 701.

In some jurisdictions similar provisions requiring notice after injury as a condition to the maintenance of suit for damages to property have been upheld, but in this state the authorities hold that a recovery for the taking or damaging of property is because of the constitutional right to so recover, regardless of the question of notice.

City of Waco v. Roberts (Tex. Sup.) 48 S.W.(2d) 577, 578, opinion by Chief Justice Cureton, seems to us conclusive of the question involved here.

There, Roberts and others, owners of certain improved property approximately two

blocks from Waco creek in the city of Waco, filed suit for damages against the city, and alleged that the city changed the channel of said creek by cutting a deep ditch and building a deep embankment in such a way that water was impounded and caused to stand on their land, without providing proper drainage therefor, thus causing the property to be overflowed and greatly damaged.

Trial was by a jury, which found against the city on all issues. It will be noted that the Waco charter provision on the subject of notice after injury is almost identical with that under consideration here.

Chief Justice Cureton said:

"Counsel for the city of Waco contend that a general demurrer to the plaintiff's petition should have been sustained, because the petition failed to allege that the claim made the basis of the suit was presented to the city council, as required by the city charter. The notice provision of the charter of the city of Waco reads as follows: 'The City of Waco shall not be held responsible on account of any claim for damage to any person or property unless the person making such complaint or claiming such damage shall within thirty days after the time at which it is claimed such damages were inflicted upon such person or property file with the City Secretary a true statement under oath as to the nature and character of such damages or injuries, the extent of the same, and the place where same happened, and the circumstances under which happened, the condition causing same, with a detailed statement of each item of damages and the amount thereof.'

"The Court of Civil Appeals overruled the contention of the city, and with that ruling we are in accord. That court quite correctly said that provisions of this character have been upheld in cases to which they are applicable, but they have no application to cases of the character before us.

"Under the allegations of the petition and the findings of the jury, what the city has done amounts to a taking of the property of the defendants in error without compliance with the mandatory provisions of section 17 of article 1 of the Constitution, which provides that: 'No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the state, such compensation shall be first made, or secured by a deposit of money.'

" * * * Since the injury done the defendants in error arose out of a taking of their property by the city, in violation of the Constitution, it is obvious that the charter provision as to notice has no application."

The right to recover damages to property is secured by the Constitution and cannot be taken away by the Legislature. City of Waco v. Roberts, supra.

The Constitution not only prevents the taking of property for public purposes in the physical sense, until paid for, but comprehends such damages as may be peculiar to, or suffered by, the property involved. Hanks v. City of Port Arthur (Tex. Sup.) 48 S.W.(2d) 944.

The judgments of the trial court and of the Court of Civil Appeals sustaining the city's general demurrer are in conflict with the above authorities, and we therefore recommend that said judgments be reversed, and the cause remanded to the trial court.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.