## CITY OF HOUSTON v. CUNDIFF.

### No. 11735.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1945.

134

Lewis W. Cutrer, City Atty., and George W. Eddy, First Asst. City Atty., both of Houston, for appellant.

Helm & Jones and Philip Stillman, all of Houston, for appellee.

CODY, Justice.

This is a personal injury suit against the City of Houston for damages suffered by plaintiff by reason of a fall from his motorcycle on the night of December 19, 1940, when his motorcycle struck a hole or excavation in Pecore Street, within the city. Plaintiff's petition was in usual form. The city answered with a general denial, and pled certain special defenses.

At the conclusion of the evidence the city moved for an instructed verdict, which was refused, and the case was submitted on sixteen special issues. After the coming in of the verdict the city moved for judgment notwithstanding the verdict, which was refused.

The court rendered judgment for plaintiff upon the verdict for $7,500.00.

Because of points upon which the city predicates its appeal, the substance, and in some instances the form as well, of the following special issues, as answered by the jury, are here set forth.

Special Issue No. 1. The city left a hole or excavation in the 600 Block of Pecore Street shortly before plaintiff was injured.

Special Issue No. 1-A. The plaintiff ran his motorcycle into such hole or excavation.

Special Issue No. 2. "Do you find from a preponderance of the evidence that the defendant's leaving such hole or excavation, if any, at the time and place in question, was negligence as that term is herein defined?" Answered: "Yes".

Special Issue No. 3. "Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause, as that term is herein defined, of the mishap and injuries, if any, to plaintiff?" Answered: "Yes".

Special Issue No. 4. "Do you find from a preponderance of the evidence that the failure of the City of Houston to place warning lights in front of said hole into which plaintiff ran was negligence?" Answered: "No".

The first point on which the city predicates this appeal is: The jury having found in answer to special issue No. 4 that the city was not negligent in its failure to put warning lights in front of the hole in Pecore Street, and, since the answers to special issues Nos. 1 and 1-A were evidentiary only and not ultimate issues, it necessarily follows that answers to special issues Nos. 2 and 3 constituted no basis for judgment against the city.

## Opinion.

The position urged by the city under said first point is, that a combination of two facts were required to make out a case of actionable negligence against the city, to-wit: (1) It must have been found that the City left the hole or excavation; and (2) it must also have been found that the city's failure to put lights in front of the hole was negligence.

In support of its contention, embodied in its first point, the City relies mainly on the case of City of Abilene v. Moore, Tex. Civ.App., 12 S.W.2d 604, 605, writ refused. The facts there were that Miss Moore fell into an open ditch in a street in the City of Abilene on a dark night, at a place where there were no warning lights. The issue submitted to the jury under the pleadings and evidence in that case was: "At the time and place plaintiff was injured * * *, was the ditch open and exposed without sufficient lights to warn [her] of the location of the ditch?" The city there contended that the issue so submitted was duplicitous in that it asked (1) whether the ditch was open and exposed, and (2) whether there were sufficient lights to warn plaintiff of the location of the ditch. In overruling said contention, the court said: "Where the combination of two facts is necessary to constitute negligence, and neither one of the facts stated alone would do so, it would not be required of the trial court that he single out each evidentiary fact and then group them himself after the jury had returned its answer. * * * In this case the city would not have been guilty of negligence in leaving the ditch open and exposed, provided warning lights had been placed at the exposed portions. * * *"

It is evident to us, from the court's opinion in the Moore case and the

court's ruling therein, that the plaintiff there did not by her pleading assume the burden of proving (1) that the leaving of the ditch open by the City was negligence, and (2) that such negligence was a proximate cause of her injuries. Temporary excavations in a street to install improvements, or to repair installations, or do other necessary work, may be lawfully authorized. And what one has a right to do cannot constitute negligence if properly done. It is evident to us from the opinion in the Moore case that the plaintiff there did not assume the burden, by alleging that the leaving of the ditch in the street was negligence, of proving it was so. It is evident to us that the act there charged as negligence was leaving a "ditch open and exposed without sufficient lights to warn" of the location of the ditch. In other words, the negligence which was there complained of, as being the proximate cause of the injuries, was a combination of two facts, namely, (1) an open and exposed ditch, and (2) which was without sufficient lights to warn of its location. The court did not there rule that, as a matter of substantive law, the leaving of a hole in its street by a city could not constitute negligence which might be the proximate cause of injuries to a passenger who falls into it, though keeping a proper lookout.

■■ The city does not contend that the allegations here in plaintiff's petition did not warrant the submission of the special issues here involved. The jury found that the leaving of the hole in the street was, as charged in plaintiff's petition, an independent act of negligence on the part of the city, one that was a proximate cause of plaintiff's injuries. It was for the jury to determine, under the evidence, whether the leaving of a hole in the street was negligence and a proximate cause of plaintiff's hurt. There is no complaint that the terms used in the court's charge were not correctly defined. If the hole was such that a reasonably prudent person would not permit it to continue because likely to produce hurt, the city was liable for the hurt caused thereby. City of Galveston v. Dazet, Tex.Sup., 19 S.W. 142; Stinnett v. City of Waco, Tex.Com.App., 180 S.W.2d 433. And here the plaintiff did not charge that the negligence of which he complained was a combination of two facts, namely (1) an open and exposed hole, and (2) which was without sufficient lights to warn

of its location. The failure to have out warning lights was indeed complained of as negligence, and as a proximate cause of plaintiff's hurt. But this was charged as an independent act of negligence, and an independent proximate cause. The court submitted issues on each of said acts of negligence charged. We overrule the city's first point.

The city's second point is to the effect: That because the jury found that the city was not negligent in failing to set out warning lights in front of the hole, the city was absolved of negligence, and the fact that the jury found the city was negligent in leaving the hole in the street did not make it so, and there was no evidence of any negligent act or acts done by the city or its employees, and the court erred in rendering judgment for plaintiff.

■■ In passing on the sufficiency of the evidence to sustain the jury's verdict on which the judgment was rendered in favor of plaintiff, the evidence must be taken most strongly which is in support of the verdict. We have carefully considered the evidence. We think no good purpose would be served in reviewing it here. It is our opinion that it is sufficient to support the jury's findings in support of the judgment. The city does not attack the sufficiency of the evidence to support the findings that the plaintiff kept the motorcycle under control, that he was not riding at an excessive speed, or that he failed to keep a proper lookout. In this connection, we think what Justice Gaines said in City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693, 695, is not inappropriate. "We think the evidence sufficient to sustain the verdict. It is true that the testimony for appellant showed that many persons had crossed with vehicles the street of the place of the excavation without injury; and it may be that a person who knew of the defect could have avoided the danger by careful driving. * * * The undisputed fact that his (appellee's) wife was thrown from his wagon by the jolt caused by the excavation is sufficient proof of its dangerous character." We overrule the city's second point.

The city's third point is to the effect that the notice of claim filed by the plaintiff with the Mayor and City Council, under Section 11, Art. IX, of the Charter of the City of Houston, was fatally defective because said notice failed to include the name of any witnesses; and that the plain-

tiff knew at least three witnesses who testified in his behalf on his claim at the trial.

Section 11, Art. IX, of the Charter reads:

"Sec. 11. Notice of Claim for Damages—Before the City of Houston shall be liable for damages for personal injuries of any kind or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured, or destroyed, or some one in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to affect or repeal Section 12 of Article IX of this Charter. (As amended, 1913.)"

On March 10, 1941, appellee's attorney filed with the Mayor and City Council the notice of claim under the above provision. It is a detailed statement, covering more than two full pages as copied into the transcript. It is evident from reading it that the attorney who prepared it was undertaking to track the provisions of the notice of claim requirements for submission to the city. Where the requirement was reached as to the "names and addresses of the witnesses upon whom he relies to establish his claim", which appears in Section 11, Art. IX, supra, the notice stated: "I do not know the names and addresses of any witnesses to the accident. The Police Department sent some one to the scene of the collision following the accident and an ambulance arrived after the accident but I do not know the company it belonged to because I was knocked unconscious in the collision. The only possible witness I know of would be people living in the vicinity of the collision  *  *  *."

The city necessarily knew that such notice of claim was given to comply with its requirement. The city knew that failure to comply with the requirement within the specified time was fatal to the claim. The city received said claim ten days prior to the expiration of the time limited for presenting it. But the city did not then claim that there was any defect in the statement, though it was clearly indicated therein that the claimant construed the requirement as relating to witnesses to the accident. It is from the testimony of witnesses to an accident that the question of liability therefor is ordinarily determined. It is ordinarily from the testimony of the victim of an accident, and of his near relatives and friends, and of his doctor and nurses, and from the records of the hospital, that the extent of his damages is to be inferred.

It was clear from the notice of claim presented to the city that the claimant construed the requirement of the names of the "witnesses upon whom he relies to establish his claim", as equivalent to "witnesses to establish the liability of the City." The primary concern of the claimant in filing the notice of claim was to prevent the city from escaping liability through his failure to file the notice within ninety days of December 19, 1940. His construction of the requirement may not have been the correct one, but it was a possible one. The city acquiesced in such construction, and in July, 1941, rejected the claim. It was not until February of this year that the city claimed for the first time that the obvious construction which claimant had placed on the requirement was not the correct one. And if we assume such construction was permissible, the claimant had strictly complied with the requirement as to giving notice. It is not contended that the city has suffered any prejudice. The claimant fully stated the nature and extent of his damages. He stated the hospital he was taken to, and that he was confined there for fifty days. The city does not state what was the nature of the testimony of the three witnesses whose names were not given. Two of them were plaintiff's sisters. We believe that their testimony related to the condition of plaintiff when they saw him in the hospital, or to his sufferings, or his injuries. The question is not presented of whether such witnesses should have been barred from testifying. The contention is that the failure to give their names should bar liability on the part of the city. We do not imply that such witnesses should have been barred but merely that where

the compliance has been full except as to some detail, such defect should in no event destroy the effectiveness of the notice actually given.

■ Cawthon v. City of Houston, Tex. Com.App., 231 S.W. 701, is, we believe, the leading case dealing with such provisions requiring notice of claims as a condition precedent to a city's liability. While that case is not directly in point on the facts, it is clear that where a notice indicates clearly that the names of no witnesses are given because the claimant understands that only the names of witnesses to the accident are required (and he knows of none) and the city acquiesces in such construction, that the city will be taken to have waived any stricter compliance. The object of the requirement is to allow the city to make an investigation of the claim, and not to raise bars to the claim of a diligent claimant. The city knew at the time it accepted the claim whether the defect was one it cared to waive. Had it raised the question then, the claimant had ample time in which to furnish the names of his sisters, or correct such defect. We hold that, under the facts of this case, the notice of claim sufficiently complied with the requirements of the charter provision, and was so accepted. We overrule the city's third point. The judgment is affirmed.

Affirmed.